**The STATE ex rel. SMITH et al., Appellants,**

v.

**SMITH, Appellee.**

[Cite as *State ex rel. Smith v. Smith* (1996), 110 Ohio App.3d 336.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 69379.

Decided April 8, 1996.

*Stephanie Tubbs Jones,* Cuyahoga County Prosecuting Attorney, and *Fernando Mack,* Assistant County Prosecuting Attorney, for appellants.

*Donald P. Mull Co., L.P.A., Donald P. Mull* and *George W. MacDonald,* for appellee.

SPELLACY, Chief Judge.

This appeal arises from a judgment entered by the Court of Common Pleas of Cuyahoga County, Juvenile Division, in favor of appellee, Emmanuel Smith, in a paternity action filed by the state of Ohio, Cuyahoga County Child Support Enforcement Agency ("CSEA") and Doris Smith.

Appellants raise the following assignments of error:

"I. The trial court erred in its determination that the prior divorce decree granted by the domestic relations division bars the minor child, Geoffrey Ozzie, and the state of Ohio, Child Support Enforcement Agency from initiating the within paternity action.

"II. The trial court erred in its determination that it was without jurisdiction to resolve the within paternity action, and that the matter should be referred to the domestic relations division of the common pleas court."

Finding appellants' appeal to have merit, the judgment of the trial court is reversed and the cause is remanded.

The facts giving rise to this appeal as contained in the record provide the following.

On August 9, 1971, Doris and Emmanuel Smith were married. In November 1985, the parties separated and have not lived together since.

On or about April 10, 1987, Doris Smith filed a complaint for divorce in the Court of Common Pleas of Cuyahoga County, Domestic Relations Division. In her complaint, Doris Smith stated that four children were born as issue of the marriage, Romana Monique, Emmanuel Clarence, Samar Domain, and Geoffrey Ozzie. On May 31, 1988, the divorce was granted. However, the Domestic Relations Court, in its judgment entry finalizing the divorce, listed only Ramona, Emmanuel Clarence Jr., and Samar Domain as issue of the marriage, failing to include Geoffrey Ozzie.

On January 27, 1995, CSEA filed a complaint in the Court of Common Pleas of Cuyahoga County, Juvenile Division, alleging that appellee Emmanuel Smith is the natural father of the minor child Geoffrey, and requested the court to establish a parent-child relationship between minor child, Geoffrey Smith, and appellee Emmanuel Smith. Further, CSEA's complaint requested that the court order appellee to pay a reasonable amount for past, current and future support for the minor child, including health insurance. CSEA also requested judgment for all medical expenses resulting from the pregnancy. Appellee filed his answer on March 1, 1995, denying paternity of Geoffrey and raising the affirmative defenses of *res judicata* and collateral estoppel.

On May 18, 1995, Referee Menzies filed his report stating that there was no prior judgment of paternity in the divorce action regarding the minor child, and that neither CSEA nor the minor child Geoffrey was a proper party to the divorce action. Thus, the affirmative defenses of *res judicata* and collateral estoppel had no merit. The defendant filed objections to the referee's report. And, on June 16, 1995, after reviewing the report of the referee, the assigned judge sustained these objections, disapproved the referee's report and ordered that "[t]his matter should be corrected, or resolved in Domestic Relations Court, particularly in view of the Genetic Testing results made on October 1, 1987."

I

Appellants' second assignment of error will be discussed first.

In their second assignment of error, appellants contend that the juvenile court had jurisdiction pursuant to R.C. 3111.06(A) to resolve the within paternity action. Therefore, appellants contend, the trial court erred when it referred the present action to the Domestic Relations Division of the Common Pleas Court.

██ In the case *sub judice,* the state brought its postdecree paternity action pursuant to R.C. 3111.01 to 3111.19. R.C. 3111.06(A) grants the juvenile court original jurisdiction in a paternity action and states:

"The juvenile court has original jurisdiction of any action authorized under sections 3111.01 to 3111.19 * * *. If an action for divorce, dissolution, or legal separation has been filed in a court of common pleas, that court of common pleas has original jurisdiction to determine if the parent and child relationship exists between one or both of the parties and any child alleged or presumed to be the child of one or both of the parties."

The second quoted sentence of R.C. 3111.06(A) has been interpreted as requiring paternity actions filed during divorce proceedings to be filed in domestic relations court. *Gatt v. Gedeon* (1984), 20 Ohio App.3d 285, 288, 20 OBR 376, 379, 485 N.E.2d 1059, 1062–1063. However, where a divorce action is no longer pending, the domestic relations court does not have the necessary jurisdiction to hear the action. *Id.* at 289, 20 OBR at 380, 485 N.E.2d at 1063.

In the case *sub judice,* final judgment had already been rendered by the domestic relations court in the divorce proceedings prior to appellants filing their claim. *Id.* Thus, under these circumstances, R.C. 3111.06(A) instructs the state to file in juvenile court. *Id.*

Accordingly, appellants' second assignment of error is sustained.

## II

In their first assignment of error, appellants contend that the trial court erred in its determination that the prior divorce decree granted by the domestic relations division bars the minor child Geoffrey, and the state of Ohio, CSEA, from initiating the within paternity action. This contention has merit.

Appellee, in his objections to the referee's report, set forth the affirmative defenses of *res judicata* and collateral estoppel. The trial court sustained these objections. Appellants, however, contend that appellee's affirmative defenses lack merit. Appellants assert that neither the minor child Geoffrey nor CSEA were in privity with either of the parties to the divorce action. Furthermore, appellants contend that the issue of paternity was not addressed by the domestic relations court during the divorce proceedings.

The Supreme Court of Ohio, in *Grava v. Parkman Twp.* (1995), 73 Ohio St.3d 379, 653 N.E.2d 226, defined *res judicata:*

"[A] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action. \* \* \*

"Section 24(1) of the Restatement of Judgments, *supra,* at 196, provides: 'When a valid and final judgment rendered in an action extinguishes the plaintiff's claim pursuant to the rules of merger or bar \* \* \*, the claim extinguished includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose.' See, also, 46 American Jurisprudence 2d, *supra,* at Sections 516 and 533. \* \* \*

"Section 25 of the Restatement of Judgments, *supra,* at 209, further explains: 'The rule of § 24 applies to extinguish a claim by the plaintiff against the defendant *even though the plaintiff is prepared in the second action (1) To present evidence or grounds or theories of the case not presented in the first action, or (2) To seek remedies or forms of relief not demanded in the first action.*' (Emphasis added.)" *Id.,* 73 Ohio St.3d at 382–383, 653 N.E.2d at 229.

■ In order to successfully assert collateral estoppel or issue preclusion, a party must plead and prove that "(1) the party against whom estoppel is sought was a party or in privity with a party to the prior action; (2) there was a final judgment on the merits in the previous case after a full and fair opportunity to litigate the issue; (3) the issue must have been admitted or actually tried and decided and must be necessary to the final judgment; (4) the issue must have been identical to the issue involved in the prior suit." *LaBonte v. LaBonte* (1988), 61 Ohio App.3d 209, 216, 572 N.E.2d 704, 709.

■ Collateral estoppel prevents the relitigation of a particular issue or determinative fact which was actually and necessarily decided in a previous decision involving a different cause of action. *Distelzweig v. Hawkes Hosp. of Mt. Carmel* (1986), 34 Ohio App.3d 277, 278, 518 N.E.2d 43, 44–45. It serves "the dual purpose of protecting litigants from the burden of relitigating an identical issue with the same party or his privy and of promoting judicial economy by preventing needless litigation." *Parklane Hosiery Co. v. Shore* (1979), 439 U.S. 322, 326, 99 S.Ct. 645, 649, 58 L.Ed.2d 552, 559.

The Ohio Supreme Court has declared that there must be privity with the parties or persons in privity with the parties and an identity of issues for a decree to be *res judicata* or to operate as estoppel. *Gatt,* 20 Ohio App.3d at 287, 20 OBR at 378, 485 N.E.2d at 1061–1062.

■ In the case *sub judice,* the minor child Geoffrey was not a party to the prior divorce action between Doris and Emmanuel Smith. "[A] finding that the subject child was born as issue of the marriage is not *res judicata* as to anyone not a party to the divorce." *Id.* at 287, 20 OBR at 378, 485 N.E.2d at 1061. Moreover, "[t]he finding that the child 'was born as the issue of this marriage' amounts to no more than a finding that he was born to the wife during the marriage, a fact not in dispute in the instant case, nor in the divorce case, so far as the record here reveals." *Id.,* citing *A.B. v. C.D.* (1971), 150 Ind.App. 535, 277 N.E.2d 599.

■ There remains, however, the issue of whether CSEA was in privity with Doris Smith in the prior divorce proceedings so that *res judicata* can be invoked to bar it from pursuing the present paternity action. "Generally, a person is in privity with another if he succeeds to an estate or an interest formerly held by another." *Gatt,* 20 Ohio App.3d at 287, 20 OBR at 378, 485 N.E.2d at 1062, citing *Whitehead v. Gen. Tel. Co.* (1969), 20 Ohio St.2d 108, 115, 49 O.O.2d 435, 439, 254 N.E.2d 10, 14–15, overruled on other grounds in *Grava v. Parkman Twp.* (1995), 73 Ohio St.3d 379, 653 N.E.2d 226. CSEA will not succeed to an estate or interest formerly held by Doris Smith. However, CSEA does have its own interest in the determination of the existence of a parent-child relationship between the minor child Geoffrey and appellee Emmanuel Smith.

On July 15, 1992, the General Assembly enacted R.C. 3111.04, which clearly included child enforcement agencies as a party in parentage actions. *Cuyahoga Cty. Support Enforcement Agency v. Lozada* (1995), 102 Ohio App.3d 442, 657 N.E.2d 372. R.C. 3111.04 states:

"(A) An action to determine the existence or nonexistence of the father and child relationship may be brought by * * * the child support enforcement agency of the county in which the child resides if the child's mother is a recipient of public assistance * * *."

"The presence of * * * CSEA at these proceedings is important in two ways. One, it fulfills the major concern of the state by ensuring that the best interest and welfare of the child are represented at all stages of the proceedings, and, two, it ensures that the pecuniary interest of the state is protected by guaranteeing that the appropriate methods and factors of support are considered at the proceedings." *Lozada,* 102 Ohio App.3d at 452, 657 N.E.2d at 378.

In the case *sub judice,* CSEA was not a party to the prior divorce proceedings between Doris and Emmanuel Smith. R.C. 3111.04, however, establishes that CSEA has the ability to bring its own action to determine the existence of the father and child relationship. Thus, CSEA was a proper party in the present

action, and its claim should not be barred by the doctrine of *res judicata* or collateral estoppel.

Accordingly, appellants' first assignment of error is well taken.

The judgment is reversed and the cause is remanded to the lower court for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

PATRICIA ANN BLACKMON and PORTER, JJ., concur.