Appellant Stephanie Munchel appeals from a judgment of the Montgomery County Common Pleas Court awarding her $338.16 on her breach-of-contract action and awarding the appellees $334.60 on their counterclaim.
Munchel advances two assignments of error. First, she contends the trial court erred by adopting a magistrate's factual determination that the appellees made $40,000 worth of improvements to a tavern they lease from her. Next, she claims the trial court erred by adopting a magistrate's finding that she is responsible for the expense the appellees incurred bringing the tavern's second floor up to fire and building code requirements.
The present appeal stems from the appellees' lease of a tavern from Munchel. The parties entered into written contracts on May 15, 1994, with the appellees agreeing to purchase the tavern's assets, liquor permit, inventory, and leasehold improvements. The appellees also leased the tavern with an option to buy. In addition to the written lease and purchase agreement, the parties entered into an oral agreement for the appellees to assume approximately $5,000 worth of business debt related to the tavern's operation.
After entering into the agreements, the appellees informed city inspectors that they planned to open the tavern's second floor. They then spent $4,334.86 making improvements ordered by the inspectors and sought reimbursement from Munchel, who disputed her responsibility for the expense. Munchel claimed the lease agreement did not obligate her to reimburse the appellees.
Thereafter, on July 7, 1995, Munchel filed a complaint against the appellees alleging a breach of contract. The complaint alleged that the appellees had failed to pay all debts assumed under the oral contract. The appellees filed an answer and counterclaim on September 6, 1995, seeking reimbursement for the repairs necessary to bring the tavern's second floor up to code and reimbursement for repairs to a well pump.
The parties subsequently tried the case to a magistrate, who issued a June 24, 1996, decision awarding Munchel $338.16 on her claim and awarding the appellees $4,334.60 on their counterclaim. After offsetting the awards, the magistrate found the appellees entitled to $3,996.44. The trial court subsequently overruled Munchel's objections to the magistrate's decision and entered a judgment in the appellees' favor for $3,996.44. Munchel then filed a timely notice of appeal advancing the following two assignments of error:
 I. "The magistrate erred in making the finding of fact that the appellee had made the $40,000 worth of improvements required in paragraph 7(C) of the lease with the option to purchase."
In her first assignment of error, Munchel contends the magistrate erred by making a factual determination that the appellees spent $40,000 for alterations to the premises as required by paragraph 7(C) of the parties' lease agreement.[1]
Munchel argues that this "non issue" never was raised in the pleadings. Furthermore, she contends very little testimony was presented on the issue because it was unrelated to the issues properly before the magistrate. In short, Munchel urges this court to vacate the magistrate's factual finding because it was decided unnecessarily and because the determination is against the manifest weight of the evidence. Munchel insists that our failure to vacate the factual determination will result in res judicata
barring her from raising the issue in possible future litigation.
We cannot agree. Assuming arguendo that Munchel is correct and the magistrate's factual finding was not necessary for resolution of the parties' claims, she would not be precluded from later litigating the issue. Munchel's res judicata argument really implicates the principle of collateral estoppel or "issue preclusion." Collateral estoppel "prevents the relitigation of a particular issue or determinative fact which was actually andnecessarily decided in a previous decision involving a different cause of action." State ex rel. Smith v. Smith (1996), 110 Ohio App.3d 336,340 (Emphasis added).
Munchel's argument, however, is that the issue of the appellees' $40,000 expense for alterations was not necessarily decided by the magistrate. Indeed, she calls it a "non issue" for purposes of the present dispute. As the Ohio Supreme Court recently recognized in MetroHealth Medical Center v.Hoffman-LaRoche, Inc. (1997), 80 Ohio St.3d 212, 217, collateral estoppel bars the relitigation of an issue that has been actuallyand necessarily determined in a prior action. (Emphasis added). See also North Olmstead v. Eliza Jennings, Inc. (1993), 91 Ohio App.3d 173,184 (Emphasis added) (noting that "collateral estoppel prevents the relitigation of a particular issue or determinative fact which was actually and necessarily decided in a previous decision involving a different cause of action").
Consequently, even assuming arguendo that the trial court erred by adopting a factual finding unrelated to the issues before the court, collateral estoppel would not preclude the issue's relitigation. Accordingly, any possible error is harmless, and we overrule Munchel's first assignment of error.
 II. "The magistrate erred in finding that appellant was liable for appellee's expenses in bringing the second floor of the premises up to code."
In this assignment of error, Munchel contends the magistrate erred by finding her responsible for the expense of bringing the tavern's second floor up to city code requirements. Once again, we will treat Munchel's assignment of error as alleging that the trial court erred by adopting the magistrate's finding.
In her decision, the magistrate found Munchel responsible for the expenses under paragraph G of the parties' lease agreement. That provision states:
 "Landlord, at Landlord's sole cost and expense, shall promptly comply with all present and future laws, orders and regulations of all state, federal, municipal and local governments, departments, commissions and boards including * * * any direction of any public officer pursuant to law which shall impose any violation, order or duty upon the owner of the Premises, except any such matter which arises solely out of Tenant's use of the Premises, in which event Tenant shall comply with any such matter."
In their briefs to this court, the parties do not dispute that Munchel was responsible under paragraph G for expenses incurred complying with city inspectors' orders unless the orders stemmed solely from the appellees' use of the tavern. The critical issue for the magistrate's and the trial court's determination, however, was whether the required second floor repairs arose solely out of the appellee's use of the tavern.
In its decision, order, and entry overruling Munchel's objections, the trial court noted that Munchel had used the second floor for private parties while telling inspectors it was used only for storage. The trial court found that the appellees also used the second floor primarily for "private occasions." Consequently, the court reasoned that the code expenses did not arise solely out of the appellees' use of the second floor.
In her brief to this court, Munchel admits that she had used the second floor for private parties or meetings. She also admits not telling city inspectors because she knew they "would not allow it had they known about it." Furthermore, Munchel admits asking the appellees not to notify city inspectors about the second floor's use for private parties because it did not meet code requirements. In light of these facts, she reasons that the appellees "intended to change this prior secretive use and open the second floor to the public." She also reasons that because the appellees intended to use the floor "differently" than she had, the code-violation repairs arose solely out of the appellees' use of the property.
We disagree. The trial court determined that Munchel and the appellees both used the second floor for parties. As Munchel acknowledges in her appellate brief, such use was improper without the completion of certain repairs bringing the building up to city code requirements. Pursuant to paragraph G of the parties' lease agreement, Munchel bore the responsibility for bringing the property up to code unless the code requirements stemmed solely from the appellees' use of the property. Because Munchel and the appellees both held parties on the second floor, we cannot agree with her assertion that the repairs were necessitated solely by the appellees' use of the tavern. To the contrary, Munchel admits that the code-violation repairs were necessary when she used the tavern. The only difference between the Munchel's use of the tavern and the appellees' use appears to be the appellees' desire to operate the tavern in compliance with law. This "difference" does not relieve Munchel of her obligations under paragraph G. Accordingly, we overrule her second assignment of error and affirm the trial court's judgment.
Judgment affirmed.
FAIN, J. and GRADY, J., concur.
Copies mailed to:
Alfred Wm. Schneble III
John P. Tracy
Hon. Patrick J. Foley
[1] For purposes of our review, we will treat Munchel's assignment of error as alleging that the trial court erred by adopting the magistrate's decision.