[Cite as *Van Gundy v. Van Gundy*, 2021-Ohio-2787.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| KATELYN VAN GUNDY | : | |
| | : | |
| Plaintiff-Appellant | : | Appellate Case No. 29066 |
| | : | |
| v. | : | Trial Court Case No. 2020-DR-439 |
| | : | |
| GREGORY VAN GUNDY | : | (Domestic Relations Appeal) |
| | : | |
| Defendant-Appellee | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 13th day of August, 2021.

. . . . . . . . . . .

JOHN K. LIMOLI, Atty. Reg. No. 0058551, 4353 Montgomery Road, Cincinnati, Ohio 45212
     Attorney for Plaintiff-Appellant

GREGORY VAN GUNDY, 220 Quail Creek Court, Hubert, North Carolina, 28539
     Defendant-Appellee, Pro Se

. . . . . . . . . . . .

TUCKER, P.J.

{¶ 1} Plaintiff-appellant Katelyn Van Gundy appeals from a judgment of the Montgomery County Court of Common Pleas, Domestic Relations Division, which denied her motion for a determination that her ex-husband, Gregory Van Gundy, is not the father of a child who was born within 300 days after the termination of their marriage. For the reasons set forth below, we affirm.

## I.      Facts and Procedural History

{¶ 2} Katelyn and Gregory Van Gundy were married in February 2019. Katelyn filed a complaint for divorce without children on June 16, 2020. Around that time, Gregory moved to another state, and Katelyn began dating K.G. A final hearing on the divorce was conducted on September 24, 2020, and a final judgment and decree of divorce was entered the same day. No appeal was taken therefrom.

{¶ 3} On January 30, 2021, Katelyn gave birth to a son, L.A.[1] According to her filings, Katelyn attempted to obtain medical coverage for the child but was unable to do so because the child's paternity had not been established. Therefore, on February 26, 2021, Katelyn filed a "Motion to Hold that Gregory Van Gundy is NOT the Father of [L.A.]." The motion was filed in the domestic relations court under the case number of the divorce action. In the motion, Katelyn stated "[i]t thus appears that, at the time of the divorce, [she] was pregnant." Attached to the motion was a notarized DNA paternity test report indicating that K.G. is the biological father of L.A.

---

[1] Katelyn's appellate brief refers to the child as L.R.; however, the record shows the child should be referred to as L.A.

{¶ 4} On March 4, 2021, the domestic relations court denied the motion without a hearing, stating that its decision was based upon "the fact that the child was not born, nor was the court informed of said pregnancy, at the time of the hearing." Entry & Order (Mar. 4, 2021).

{¶ 5} Katelyn appeals.

## II.    Analysis

{¶ 6} Katelyn's sole assignment of error states:

THE TRIAL COURT ERRED TO THE PREJUDICE OF THE PLAINTIFF-APPELLANT WHEN IT FAILED TO APPLY R.C. 3111.03(B) TO DETERMINE WHETHER GREGORY VAN GUNDY SHOULD BE DECLARED NOT TO BE THE FATHER OF [L.A.].

{¶ 7} Katelyn asserts that the domestic relations court utilized the incorrect standard "when it determined that Gregory [Van Gundy] should be held to be the father of [L.A.]." Specifically, she argues that the court improperly utilized the provisions of R.C. 3111.03(A)(1) in reaching its decision when it should have looked to the provisions of R.C. 3111.03(B).

{¶ 8} R.C. 3111.03(A)(1) states "[a] man is presumed to be the natural father of a child [when] [t]he man and the child's mother are or have been married to each other, and the child is born during the marriage or is born within three hundred days after the marriage is terminated by death, annulment, divorce, or dissolution or after the man and the child's mother separate pursuant to a separation agreement." This presumption may be rebutted by "clear and convincing evidence that includes the results of genetic testing

* * *."   R.C. 3111.03(B).

{¶ 9} Katelyn is correct that Gregory is statutorily presumed to be L.A.'s father given that L.A. was born less than 300 days following the entry of the judgment of divorce. And she correctly notes that she has evidence, in the form of DNA testing, which appears sufficient to rebut that presumption.[2]   However, contrary to Katelyn's claims, there is no indication that the court considered either R.C. 3111.03(A) or (B) in denying her motion. Moreover, while the court's decision did nothing to alter the existing statutory presumption that Gregory is the father, it did not, as Katelyn insists, issue any determination regarding the paternity of the child.

{¶ 10} While the court's legal basis for denying the motion is not entirely clear, it seems that the court denied the motion on the basis that it lacked jurisdiction over the matter.   We agree, and thus we conclude that the court did not err by denying the motion.

{¶ 11} Katelyn's motion ostensibly sought only to rebut the presumption that Gregory is L.A.'s father.   However, in doing so, she sought to have the court recognize a DNA test which indicated K.G. is the father.   Thus, in attempting to establish the nonexistence of the parent-child relationship between L.A. and Gregory, Katelyn must necessarily establish the fact that another man is the biological father.   Therefore, Katelyn's motion can only be read as seeking to establish paternity, which is an action governed by R.C. Chapter 3111.

{¶ 12} R.C. 3111.04 permits a child's mother to file an action to determine the existence or non-existence of the father and child relationship.   Generally, R.C.

---

[2] Since it appears that the domestic relations court did not consider the proffered DNA testing report, we need not determine whether the document complied with the Rules of Evidence.

3111.06(A) grants the juvenile court original jurisdiction in a paternity action. The statute also grants jurisdiction over paternity actions to the domestic relations division of a common pleas court in which an action for divorce has been filed. However, as was the case here, "where a divorce action is no longer pending, the domestic relations court does not have the necessary jurisdiction to hear the action." *State ex rel. Smith v. Smith*, 110 Ohio App.3d 336, 339, 674 N.E.2d 398 (8th Dist.1996). Finally, the juvenile court is vested with original jurisdiction to "determine the paternity of any child alleged to have been born out of wedlock pursuant to sections 3111.01 to 3111.18 of the Revised Code[.]" R.C. 2151.23. The phrase "born out of wedlock" has been defined to include a child conceived by a married mother through an extramarital relationship. *State ex rel. Willacy v. Smith,* 78 Ohio St.3d 47, 52, 676 N.E.2d 109 (1997).

{¶ 13} As stated, the divorce action was no longer pending when Katelyn's motion was filed. Indeed, the decree of divorce was finalized four months before the child was born and five months before Katelyn filed her motion. As neither Katelyn nor her trial counsel informed the court of the pregnancy, it made no ruling pertinent to the child. Thus, it cannot be argued that the domestic relations court retained any jurisdiction to dispose of subsequent matters relevant to the child.

{¶ 14} Further, in her motion, Katelyn asserts she was pregnant while married to Gregory, but K.G. is the father of the child. Therefore, her pleading acknowledges that the child was born out of wedlock. Thus, the proper place to determine parentage is the juvenile court.

{¶ 15} Finally, Katelyn has failed to join necessary parties to the action. R.C. 3111.07 provides that the child, "each man presumed to be the father under section

3111.03 of the Revised Code," and "each man alleged to be the natural father shall be made parties to the action." Neither K.G. nor the child were parties to the divorce action, and, at this point, we see no basis for allowing them to intervene in an action that has concluded.

{¶ 16} We conclude that the domestic relations court did not err in denying the motion, because the juvenile court had original jurisdiction over this action. Katelyn was not denied due process; she may file an action for a determination with the juvenile court.

{¶ 17} The assignment of error is overruled.

### III. Conclusion

{¶ 18} Katelyn's sole assignment of error being overruled, the judgment of the domestic relations court is affirmed.

. . . . . . . . . . . . .

HALL, J. and EPLEY, J., concur.

Copies sent to:

John K. Limoli
Gregory Van Gundy
Hon. Timothy D. Wood