BEACH, Appellee,

v.

POOLE, Appellant.

[Cite as *Beach v. Poole* (1996), 111 Ohio App.3d 710.]

Court of Appeals of Ohio,
Fifth District, Muskingum County.

No. CT 95–0029.

Decided June 17, 1996.

*R. Scott Patterson,* for appellee.

*Thomas Payne,* for appellant.

---

READER, Judge.

Appellee Christina Lee Beach filed the instant action seeking a determination that appellant Donald Jay Poole is the natural father of Aryon Lee Maxwell, born July 25, 1986. On September 2, 1993, the Muskingum County Common Pleas Court, Juvenile Division, found appellant to be the father of Aryon. The court ordered appellant to pay child support in the amount of $362.15 per month, beginning July 1, 1993.

On June 30, 1995, a hearing was held before a magistrate on appellee's request for back child support from January 1987 through July 1, 1993. Following the hearing, the magistrate recommended that appellant be ordered to pay back support in the amount of $30,023. The court entered judgment in accordance with the magistrate's recommendation.

Appellant assigns a single error:

"The judgment of the trial court is contrary to law in the following respects:

"A. The trial court failed to follow the law established in the case of *In re Adoption of Sunderhaus* (1992), 63 Ohio St.3d 127.

"B. Ohio statutes do not provide for an order to pay child support for the child of an unmarried parent prior to determination of parentage.

"C. The Ohio Administrative Code, which governs the administration of Title IV–D of the Social Security Act provides that there must be an enforceable support obligation before there is an obligation to pay child support."

Appellant argues that the case of *In re Adoption of Sunderhaus* (1992), 63 Ohio St.3d 127, 585 N.E.2d 418, prohibits the court's order requiring him to pay child support from the date of the child's birth.

Appellant's reliance on *Sunderhaus* is misplaced. In *Sunderhaus,* the Supreme Court of Ohio held that the one-year period of nonsupport prescribed by R.C. 3107.07(A), which obviates the requirement of parental consent to an adoption, commences at the date that parentage has been judicially established. *Id.* at paragraph two of the syllabus. However, we do not read this case to create a *per se* rule prohibiting back child support in a paternity proceeding. The court in *Sunderhaus* was concerned with the fact that the natural parent's rights are subject to forfeiture or abandonment in an adoption proceeding. *Id.* at 131–132, 585 N.E.2d at 420–422. Consequently, the court was obligated to strictly construe the statute in order to protect the nonconsenting parent's rights. Further, if the court held that the one-year period prescribed by R.C. 3107.07(A) began to run at the child's birth, a nonconsenting parent's rights could be lost before the nonconsenting parent was aware of them. However, we decline to read that case to obviate a parent's natural duty to support his child.

■ We concur with the reasoning of the Court of Appeals for Cuyahoga County, which concluded that a trial court may order back child support in a paternity proceeding. *Seegert v. Zietlow* (1994), 95 Ohio App.3d 451, 642 N.E.2d 697. R.C. 3111.13 and 3111.15 appear to contemplate an award of back child support, as they refer to payment for reasonable expenses of the mother's pregnancy and discuss payment to any person or agency that "has furnished" support. *Id.* at 460, 642 N.E.2d at 703. Further, R.C. 3111.05 provides that a parentage action may be brought up to five years after the child reaches the age of majority. Because the parents' duty to support their children generally extends to the child's eighteenth birthday (R.C. 3103.03), it would be illogical to extend the time in which the parentage action could be brought to beyond the child's majority if the legislature contemplated that only current support could be awarded in the action. *Id.* at 460, 642 N.E.2d at 703. Thus, while the court does not have authority to order child support until there is a legal determination of parentage, once that determination of parentage is made, the natural parent can be ordered to pay support retroactive to the date of the child's birth. The date of a judicial establishment of parentage is not the date appellant became Aryon's father, as appellant appears to contend, as appellant was the natural father of the child from the date of birth.

We find the section of the Ohio Administrative Code on which appellant relies to be totally inapplicable to the instant action.

The assignment of error is overruled.

The judgment of the Muskingum County Common Pleas Court, Juvenile Division, is affirmed.

*Judgment affirmed.*

JOHN W. WISE, P.J., and FARMER, J., concur.