William Rochelle, appellant/cross-appellee, appeals from the judgment of the Cuyahoga County Court of Common Pleas, Domestic Relations Division, Case No. DR-210878, in which the trial court determined that Rochelle was the biological father of Alexandra Beatrice Corrigan, and ordered Rochelle to pay child support accordingly. Rochelle assigns seven errors for this court's review. Gail Anne Corrigan, appellee/cross-appellant, has filed a cross-appeal from the trial court's judgment as to the amount of child support awarded by the trial court. Gail Corrigan assigns six errors for this court's review.
After a review of the record, it is apparent that the judgment of the trial court should be affirmed in part, reversed in part and remanded for further proceedings.
On May 28, 1991, Gary M. Corrigan, Sr. sued Gail Anne Corrigan for divorce alleging that the two children purportedly born as issue of their marriage, Gary Corrigan, Jr. and Alexandra Beatrice Corrigan, were not his biological children. On September 30, 1992, William Rochelle was joined as a third party defendant to the divorce action. Rochelle was alleged to be the biological father of Alexandra Beatrice Corrigan.
The trial court ordered Rochelle to submit to genetic testing for the purpose of establishing the parent-child relationship. Rochelle, in an attempt to avoid the court ordered genetic test, filed a writ of prohibition in this court. Rochelle's writ of prohibition was denied on May 24, 1993.Genetic testing proceeded and Rochelle was determined to be the biological father of Alexandra Corrigan. Similarly, Gary Corrigan, Jr. was determined to be the biological son of Richard Linehan.
On December 20, 1993, the parties entered into an agreed judgment entry whereby Rochelle admitted PARTIES and consented to an order of support pendente lite. Additional parenting issues were to be determined at a later date.
On March 31, 1995, a shared parenting agreement was journalized in which Rochelle and Gail Corrigan were adjudged to be the legal parents of Alexandra. Although it had previously been * * * determined that Gary Corrigan, Sr. was not the biological father of Gary Corrigan, Jr., Gary Corrigan, Sr. agreed to accept all rights and responsibilities of the parent-child relationship with Gary, Jr. This agreement was prepared by the guardian ad litem and was signed by all parties concerned. The shared parenting agreement provided in pertinent part:
 The court finds that defendant Rochelle hereby requests the shared parenting of Alexandra Beatrice. Defendant Gail Anne Corrigan and defendant Rochelle hereby submit this decree as their proposed shared parenting plans. The statutory provision that said request and plan be submitted to the court thirty (30) days prior to the hearing waived by all parties; the court approves said waivers.
 The court finds that all parties have entered an agreement of Gary, Jr. and Alexandra Beatrice and disposing of all issues relating to the allocation of parental rights and responsibilities, except as otherwise set forth herein. The court finds that the agreed shared parenting plan, as incorporated into this decree, constitutes the orders of this court, hereby approved and found to be in the best interest of the minor children.
 The court finds that it has simultaneously herewith entered an order for child support and payment of medical and dental expenses separate from the order for shared parenting. It is intended by all parties that the child support remain modifiable, independent of the shared parenting order.
* * *
 The court finds this decree is issued at the same time as and is appended as Exhibit A to the final decree of divorce between plaintiff and defendant Corrigan and Alexandra Beatrice.
* * *
 IT IS THEREFORE ORDERED that defendant Gail Anne Corrigan and defendant William Rochelle are hereby adjudged to be the legal parents of the minor child Alexandra Beatrice and the parent-child relationship is hereby established between defendant William Rochelle and Alexandra Beatrice.
On March 31, 1995, the trial court issued a number of additional orders including a divorce decree terminating the Corrigans' marriage as well as orders addressing child support for Gary Corrigan, Jr. and Alexandra Beatrice. There was no specific child support amount or child support computation worksheet attached to the trial court's March 31, 1995 order regarding Rochelle's child support obligations. Rather, the order expressly reserved jurisdiction to determine the amount at a later date when discovery as to Rochelle's income was completed.
Subsequently, Gail Corrigan filed three motions requesting that the trial court determine the support obligations of William Rochelle. At this point. Gail Corrigan had four motions pending before the trial court:
1. Motion for Temporary Child Support;
2. Motion for Support Arrearage;
3. Motion for Attorney Fees; and
 4. Motion to Set Support Obligation and Supplement to Motion for Attorney Fees.
William Rochelle filed a motion to dismiss the latter three motions. The trial court denied the motion to dismiss pursuant to a journal entry dated April 19, 1996. All pending motions came on for an evidentiary hearing before a trial court magistrate on October 24, 1996, December 17, 1996 and February 24, 1997. On April 24, 1997, the magistrate issued her decision in which she made an award of child support against Rochelle in the amount of $525.12 per month, plus an arrearage in the amount of $6,506.25 as well as an award of attorney fees to Gail CORRIGAN in the amount of approximately $11,000.
On October 20, 1997, Rochelle filed objections to the magistrate's decision in which he maintained that the domestic relations court lacked jurisdiction to do anything but make a finding regarding PARTIES of the child in question. Rochelle maintained further that the domestic relations court lacked jurisdiction to name him as a party; to make an award of child support; to journalize a shared parenting plan that was not completed in accordance with the statute; to journalize a judgment entry of divorce that was not signed by the parties; and to award attorney fees against him. Gail Corrigan also filed objections as to the amount of child support and as to the retroactive date of the child support obligation.
On February 19, 1998, the trial court partially sustained Gail Corrigan's objections as they related to the obligation to pay past care. The trial court determined that Rochelle's past care obligation commenced on May 21, 1991, the date the parties to the marriage separated. This finding effectively increased the amount of child support arrearage from $6,506.25 to $19, 432.98. The trial court adopted the decision of the magistrate in all other respects.
On March 4, 1998, Rochelle filed his notice of appeal from the trial court's February 19, 1998 judgment entry. On March 5, 1998, Rochelle filed a second notice of appeal from the trial court's March 31, 1995 judgment entry of divorce which became a final appealable order by virtue of the final child support determination contained within the February 19, 1998 order. On March 15, 1998, Gail Corrigan filed a cross-appeal from the trial court's February 19, 1998 judgment entry. Rochelle's appeals and Gail Corrigan's cross-appeal were subsequently consolidated by this court on April 2, 1998, for purposes of briefing, hearing and disposition.
William Rochelle's first assignment of error states:
 I. THE TRIAL COURT LACKED JURISDICTION TO MAKE AN AWARD OF CHILD SUPPORT AGAINST APPELLANT AND ERRED AND ABUSED ITS DISCRETION IN MAKING A TEMPORARY AND PERMANENT AWARD AND IN FINDING ARREARAGES (SIC) IN CHILD SUPPORT.
Rochelle argues, through his first assignment of error, that the trial court exceeded its jurisdiction in this matter by awarding child support to Gail Corrigan and by making a determination as to the amount of child support arrearage allegedly owed. It is Rochelle's position that, once the underlying divorce action was filed, the domestic relations court only had jurisdiction to determine whether the subject child was the biological child of the parties to the divorce. Rochelle maintains that, once this determination has been made, juvenile court then becomes the proper forum for all remaining issues. The law ought strive to expedite the resolution of matters and avoid duplicity which breeds not only delay, but the possibility of inconsistent decisions. Section 2305.01 of the Revised Code references the fact that the common pleas court has concurrent jurisdiction in all civil actions. In our jurisdiction, we have but one common pleas court albeit several divisions. It has been argued that this matter would best be resolved in different divisions of this court. We disagree.
This court addressed the issue of the domestic relations court's jurisdiction in a paternity action in State ex rel. Smithv. Smith(1996), 110 Ohio App.3d 336. In Smith this court held as follows:
 In the case sub judice, the state brought its postdecree paternity action pursuant to R.C. 3111.01
to 3111.19. R.C. 3111.06(A) grants the juvenile court original jurisdiction in a paternity action and states:
 "The juvenile court has original jurisdiction of any action authorized under sections 3111.01 to 3111.19 * * *. If an action for divorce, dissolution, or legal separation has been filed in a court of common pleas, that court of common pleas has original jurisdiction to determine if the parent and child relationship exists between one or both of the parties and any child alleged or presumed to be the child of one or both of the parties."
 The second quote sentence of R.C. 3111.06(A) has been interpreted as requiring paternity actions filed during divorce proceeding to be filed in domestic relations court. Gatt v. Gedeon(1984), 20 Ohio App.3d 285, 288, 20 OBR 376, 379, 485 N.E.2d 1059, 1062-1063.
Id. at 339.
Clearly, juvenile courts and domestic relations courts have concurrent jurisdiction over parentage actions. R.C. 3111.06. SeeBroxterman v. Broxterman(1995), 101 Ohio App.3d 661, 663,656 N.E.2d 394, 396; Gilbraith v. Hixson(1987), 32 Ohio St.3d 127, syllabus; Walsson v. Walsson(Feb. 26, 1996). Claremont App. No. CA9S-09-062, unreported. Similarly, the domestic relations court has concurrent jurisdiction with the juvenile court in determining child support and custody issues. See Albertson v.Ryder(April 2, 1993). Lake App. No. 92-L-103, unreported;Kovalak v. Kovalak(Aug. 6, 1998), Cuyahoga App. No. 73100, unreported.
The case sub judice, a review of the record demonstrates that the domestic relations court possessed jurisdiction to determine the paternity issues raised herein by virtue of the pending divorce action between Gary Corrigan, Sr. and Gail Corrigan. Given the fact that the domestic relations court properly invoked jurisdiction over the paternity issues, it was not improper for the trial court to proceed with related issues concerning child support and custody in light of the fact that the domestic relations court has concurrent jurisdiction with juvenile court to determine such issues. Kovalak, supra.
Therefore, it is apparent that the trial court did not err by making determinations regarding child support and child support arrearage for the minor child, Alexandra Beatrice.
Rochelle's first assignment of error is not well taken.
William Rochelle's second assignment of error states:
 II. THE TRIAL COURT LACKED JURISDICTION TO ENTER A SHARED PARENTING DECREE IN WHICH APPELLANT WAS MADE A PARTY; AND THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN JOURNALIZING A SHARED PARENTING DECREE WHERE NEITHER CHILD BORN DURING THE MARRIAGE WAS THE BIOLOGICAL CHILD OF THE HUSBAND.
Rochelle argues, through his second assignment of error, that the trial court erred in journalizing the shared parenting decree to which there were four named parties; Gary Corrigan, Sr., Gail Corrigan, Richard Linehan and William Rochelle. The latter two individuals being the respective biological fathers of the two Corrigan children. It is Rochelle's position that R.C. 3109.04
(A) prohibits three or four party shared parenting plans in Ohio.
R.C. 3109.04(A) provides in pertinent part:
 (A) In any divorce, legal separation, or annulment proceeding and in any proceeding pertaining to the allocation of parental rights and responsibilities for the care of a child, upon hearing the testimony of either or both parents and considering any mediation report filed pursuant to section 3109.052
[3109.05.2] of the Revised Code and in accordance with sections 3109.21 to 3109.36 of the Revised Code, the court shall allocate the parental rights and responsibilities for the care of the minor children of the marriage.
Rochelle maintains that the phrase "either or both parents" as well as "care of the minor children of the marriage" limits the scope of a shared parenting agreement to only two parties, namely the parties to the marriage. Since Rochelle was not a party to the marriage, he argues that he cannot be made a party to the shared parenting agreement.
Rochelle's argument fails to consider the effect of R.C.3111.13(A) and (C), which states in pertinent part:
 (A) The judgment or order of the court determining the existence or nonexistence of a parent and child relationship is determinative for all purposes.
* * *
 (C) The judgment or order may contain any other provision directed against the appropriate party to the proceeding, concerning the duty of support, the furnishing of a bond or other security for the payment of the judgment, or any other matter in the best interest of the child.
Clearly, once Rochelle was determined to be the biological father of Alexandra Beatrice, he became the appropriate party to the proceeding from which to obtain child support and determine parental rights and responsibilities pursuant to a shared parenting decree. In addition, a review of the record demonstrates that the shared parenting agreement in question was voluntarily executed by all parties, including William Rochelle. Therefore, Rochelle's challenge to the trial court's jurisdiction regarding the shared parenting agreement is not well taken.
Similarly, Rochelle's contention that the shared parenting decree is void since it fails to specify the amount of child support is unfounded. A review of the record demonstrates that a specific child support order was entered and referred to in the shared parenting decree as required, pursuant to R.C. 3109.04
(G).
Rochelle's second assignment of error is not well taken.
William Rochelle's third assignment of error states:
 III. THE TRIAL COURT ERRED IN JOINING APPELLANT AS A NEW PARTY DEFENDANT.
Rochelle claims that he was improperly joined as a new party defendant upon the motion of Gary Corrigan, Sr. Specifically, Rochelle maintains that Civ.R. 75 (B), which applies to joinder in divorce, annulment and legal separation actions, prohibits joinder in the instant case. Rochelle initially raised this argument by way of a writ of prohibition which was denied by this court on May 24, 1993. This court, however, did not rule upon the merits of Rochelle claim finding that Rochelle had an adequate remedy to challenge the joinder by way of direct appeal.
Civ.R. 75 (2) provides in pertinent part:
 (B) Joinder of parties. Rules 14, 191. 19.1, 4 shall not apply in divorce, annulment, gal separation actions. However:
 (1) A person or corporation having possession of, control of, or claiming an interest in property, whether real or personal, or mixed, out of which another seeks an award of spousal support or other support, maybe made a party defendant;
 (2) When it is essential to protect the interest of a child, the court may join the child of the parties as a party defendant and appoint a guardian ad litem and legal counsel, if necessary, for the child and tax the costs;
 (3) When child support is ordered, the court, on its own motion or that of an interested person, after notice to the party ordered to pay child support and to his or her employer, may make the employer a party defendant.
Rochelle maintains that Civ.R. 75 (B) clearly prohibits joinder in this case since he does not qualify as a proper party for joinder under the provisions of the civil rule.
However, R.C. 3111.06(B), which sets forth the requirements for jurisdiction in paternity actions, provides:
 (B) A person who has sexual intercourse in this state submits to the jurisdiction of the courts of this state as to an action brought under sections 3111.01
to 3111.19 of the Revised Code with respect to a child who may have been conceived by the act of intercourse.
In addition, R.C. 3111.07(A) states in pertinent part:
 (A) The natural mother, each man presumed to be the father under section 3111.03 of the Revised Code, each man alleged to be the natural father, * * * shall be made parties to the action brought pursuant to sections 3111.01 to 3111.19 of the Revised Code * * *
In the case sub judice, applying R.C. 3111.06(B) and R.C.3111.07(A) to the instant facts, it is apparent that the trial court did not improperly join Rochelle as a party to the underlying action. Contrary to Rochelle's contention, Civ.R. 75 (B), does not prohibit joinder in this matter. Civ.R. 75 (B) applies only to joinder of parties in divorce actions, not paternity actions. Therefore, the trial court did not err in joining Rochelle as a party to the underlying paternity action pending in domestic relations court.
Rochelle's third assignment of error is not well taken.
William Rochelle's fourth assignment of error states:
 IV. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN AWARDING ATTORNEY FEES TO THE APPELLEE GAIL ANNE CORRIGAN.
Rochelle argues that the trial court erred in awarding $11,000 in attorney fees to Gail Corrigan. Specifically, Rochelle maintains that there is no statutory authority pursuant to R.C.3111.14 for such an award in a paternity action.
In Kuba v. Compola(Aug. 17, 1995), Cuyahoga App. No. 67657, unreported, this court dealt with a similar issue. The court determined:
 * * * defendant argues that there is no statutory authority allowing the trial court to grant attorney's fees in a paternity action. Defendant cites Clark v. Joseph proposition that there is no statutory authority permitting the trial court to award attorney's fees in an action to establish a parent-child relationship. Clark, however, resolved the question only in response to an equal protection challenge and did not consider R.C. 3113.219.
 Defendant properly argues that R.C. 3113.219
authorizes a court to award attorney's fees in actions relating to support issues. R.C. 3113.219
(B) provides as follows:
 On or after July 1, 1992, when a court issues or modifies a support order under * * * 3111.13 of the Revised Code or in any proceeding in which a court determines the amount of support to be paid pursuant to a support order, the court may include in the support order a statement ordering either party to pay the costs of the action, including, but not limited to, attorney's fees, fees for genetic tests in contested actions under sections 3111.01 to 3111.19 of the Revised Code, and court fees.
 This case is a paternity case brought pursuant to Chapter 3111 of the Revised Code. As a result to this paternity action, however, the court issued a support order. The trial court, therefore, had authority to order attorney's fees because a support order was issued pursuant to a paternity action. Defendant has not argued that the amount of attorney's fees is unreasonable. This assignment of error is overruled.
Id. at 2.
In this case, the award of attorney's fees was done in conjunction with a child support order. Rochelle fails to contest the reasonableness of the disputed award on appeal. He merely alleges that there is no statutory authority for an award of attorney's fees. However, pursuant to R.C. 3113.219(B) and this court's holding in Kuba, supra, the trial court did, in fact, have the authority for such an award. Accordingly, absent a challenge to the reasonableness of the award, this court cannot now say that the trial court erred by awarding attorney's fees to Gail Corrigan.
Rochelle's fourth assignment of error is not well taken.
William Rochelle's fifth assignment of error states:
 V. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WITH RESPECT TO THE COMMENCEMENT DATE FOR THE AWARD OF CHILD SUPPORT.
In this matter, the trial court magistrate who initially heard the case determined that the proper date for commencement of Rochelle's child support obligation was May 12, 1995, the date Gail Corrigan filed her motion for support. The trial court, after considering Gail Corrigan's objections to the magistrate's report, changed the commencement date for Rochelle's child support obligation to May, 1991, the date the parties to the marriage actually separated. Rochelle maintains that the commencement date for any domestic relations support order is from the date of service of the request for support. It is Rochelle's position that he was not served with a motion for child support until, at the earliest, November 22, 1993 and, since the motion was not pursued, it must merge into the final shared parenting decree which was not executed until March 31, 1995.
In Beach v. Poole(1996), 111 Ohio App.3d 710, 712, the Fifth District Court of Appeals determined that back child support may, in fact be awarded in paternity proceedings to the actual date of the child's birth. In so holding, the court relied upon this court's decision in Seegert v. Zietlow(1994), 95 Ohio App.3d 451,642 N.E.2d 697 wherein this court reached a similar conclusion. The Beach court concluded as follows:
 We concur with the reasoning of the Court of Appeal for Cuyahoga County, which concluded that a trial court may order back child support in a paternity proceeding. Seegert v. Zeitlow(1994), 95 Ohio App.3d 451, 642 N.E.2d 697. R.C. 3111.13 and 3111.15 appear to contemplate an award of back child support, as they refer to payment of reasonable expenses of the mother's pregnancy and discuss payment to any person or agency that "has furnished" support. Id. at 460, 642 N.E.2d at 703. Further, R.C. 3111.05
provides that a parentage action may be brought up to five years after the child reaches the age of majority. Because the parents' duty to support their children generally extends to the childs' eighteenth birthday (R.C. 3103.03), it would be illogical to extend the time in which the parentage action could be brought to beyond the child's majority if the legislature contemplated that only current support could be awarded in the action. Id. at 460, 642 N.E.2d at 703. Thus, while the court does not have authority to order child support until there is a legal determination of parentage, once that determination of parentage is made, the natural parent can be ordered to pay support retroactive to the date of the child's birth.
In the case sub judice, it is apparent that, in light of the holdings inBeach and Seegert, the trial court did not err in awarding child support back to the date on which the parties to the marriage actually separated. Accordingly, the trial court did not abuse its discretion in its award of back child support to May of 1991.
Rochelle's fifth assignment of error is not well taken.
William Rochelle's sixth assignment of error states:
 VI. THE TRIAL COURT ERRED IN FINDING APPELLANT WAS EARNING $30,000.00 PER YEAR.
Rochelle maintains that, during the lower court proceedings, he testified that his annual income was $30,000. In spite of Rochelle's testimony, the trial court determined that Rochelle' s annual income was actually $47, 394. It is Rochelle's position that the trial court abused its discretion by unilaterally ignoring his testimony and then basing his child support obligation on the higher monetary figure.
As this assignment of error is interrelated to the six assigned errors raised by Gail Corrigan on cross-appeal, this court will address the merits of William Rochelle's sixth assignment of error in conjunction with our disposition of the similar issues raised by Gail Corrigan on cross-appeal.
William Rochelle's seventh and final assignment of error states:
 VII. THE TRIAL COURT ERRED IN JOURNALIZING A JUDGMENT ENTRY OF DIVORCE WHICH DID NOT BEAR THE SIGNATURES OF COUNSEL FOR ANY OF THE PARTIES.
In Rochelle's seventh and final assignment of error, he maintains that the trial court erred in journalizing the judgment of divorce, which incorporated the shared parenting decree, as the judgment in question was signed only by the trial judge and not the attorney's for the parties. Rochelle bases his argument upon Loc.R. 28 (B)(1) and (2) of the Court of Common Pleas of Cuyahoga County, Domestic Relations Division, which provide:
 (1) The Court may order or direct either party or counsel to prepare and present for journalization the judgment entry required by subsection (A) of this Rule. When so ordered or directed by the Court, such party or his counsel shall, within 10 days thereafter, unless the time be extended by the Court, prepare a proper judgment entry and submit the same to the opposing party or his counsel. The opposing party or his counsel shall have days in which to approve or reject the judgment entry. In the event of rejection, the opposing party or his counsel shall file with the Court, at the time of such rejection, a written statement of his objections to the judgment entry. This subsection shall not apply to uncontested matters or dissolutions of marriage.(Emphasis added).
 (2) Failure of the opposing party or his counsel to approve reject any submitted judgment entry as provided above will allow the preparer of the entry to unilaterally present the entry for journalization by certifying thereon that the provision requiring submission to the opposing party or his counsel has been complied with and the date on which such compliance occurred.
In this case, it is apparent that the entry in question was an agreed judgment entry between the parties. As such, Loc.R. 28 of the Court of Common Pleas of Cuyahoga County, Domestic Relations Division, is not applicable to the judgment entry at issue herein. Accordingly, the trial court did not err in its execution of the judgment entry of divorce as counsel's signatures were not required.
Rochelle's seventh and final assignment of error is not well taken.
Gail Corrigan assigns six errors on cross-appeal for this court's review. They are as follows:
 I. THE TRIAL COURT FAILED TO COMPLY WITH THE MANDATE OF OHIO REVISED CODE SECTION 3113.215, SPECIFICALLY ITS OBLIGATION TO SEPARATELY DELINEATE AND DETERMINE THE AMOUNT OF EACH OF THE COMPONENT ITEMS OF GROSS INCOME ON THE CHILD SUPPORT WORKSHEET.
 II. THE TRIAL COURT FAILED TO COMPLY WITH ITS DUTY TO CAREFULLY SCRUTINIZE THE FINANCIAL INFORMATION OF APPELLANT'S BUSINESS AS THE "SELF-GENERATED INCOME" COMPONENT OF HIS GROSS INCOME, DEFINED IN R.C. 3113.215(A)(1)(3).
 III. IF THE TRIAL COURT WOULD HAVE COMPLIED WITH THE MANDATE OF OHIO REVISED CODE SECTION 3113.215 AND DELINEATED EACH OF THE COMPONENT ITEMS OF INCOME ON THE CHILD SUPPORT WORKSHEET, THE TRIAL COURT WOULD HAVE FOUND APPELLANT'S AVERAGE INCOME TO BE $80,082.
 IV. THE TRIAL COURT ERRED IN FAILING TO INCLUDE AS INCOME TO APPELLANT FOR CHILD SUPPORT PURPOSES THE YEAR END BONUSES WHICH HAVE BEEN SHIFTED AND DISGUISED AS BONUS PAYMENTS TO HIS MOTHER.
 V. THE TRIAL COURT ERRED IN FAILING TO CONSIDER THE POTENTIAL INCOME FROM APPELLANT'S INVESTMENT ASSETS FOR PURPOSES OF R.C. 3113.215.
 VI. THE TRIAL COURT ERRED IN CALCULATING THE APPELLANT'S PAST CARE OBLIGATION INASMUCH AS IT FAILED TO UTILIZE A SEPARATE CHILD SUPPORT COMPUTATION WORKSHEET FOR THE DURATION OF TIME FROM MAY, 1991 THROUGH MAY, 1995 TO ACCURATELY DETERMINE APPELLANT'S GUIDELINE SUPPORT OBLIGATION FOR EACH OF THESE YEARS.
Each of Gail Corrigan's assigned errors deal with the trial court's calculation of William Rochelle's income for purposes of determining Rochelle's child support obligation pursuant to R.C.3113.215. Gail Corrigan maintains that the income figure utilized by the trial court magistrate was significantly lower than Rochelle's actual income. Similarly, William Rochelle's sixth assignment of error, as previously set forth, is based upon the premise that the trial court erred by overestimating his income for the purpose of computing his child support obligation. Having a common basis in both law and fact, this court shall consider all of the assigned errors raised by Gail Corrigan on cross-appeal as well as William Rochelle's sixth assignment of error simultaneously.
Gail Corrigan maintains that the trial court failed to adhere to the mandate set forth in R.C. 3113.215 in determining William Rochelle's income for purposes of child support. Specifically, Corrigan argues that the trial court failed to separately delineate and determine the amount of each of the component items of income, failed to carefully assess Rochelle's corporate records from his convenient store, failed to include year-end bonuses allegedly payed to Rochelle's mother to avoid additional income, failed to include investment income, and failed to properly calculate Rochelle's past care obligation.
Rochelle argues that the trial court impermissibly disregarded his testimony as to his actual income and improperly arrived at an average income by taking the totals presented for 1993, 1994 and 1995 and dividing by three.
R.C. 3113.215(B)(5)(a) provides in pertinent part:
 (5) When a court computes the amount of child support required to be paid under a child support order or a child support enforcement agency computes the amount of child support to be paid pursuant to or 3111.22 of the Revised Code, all of the following apply:
 (a) The parents shall verify current and past income and personal earnings with suitable documents, including, but not limited to, paystubs, employer statements, receipts and expense vouchers related to self-generated income, tax returns, and all supporting documentation and schedules for the tax returns.
When reviewing the propriety of the trial court's determination of income in a matter involving child support, an appellate court applies an abuse of discretion standard of review. Leonard v.Erwin(1996), 111 Ohio App.3d 413, 415, citing Booth v. Booth
(1989), 44 Ohio St.3d 142, 144, 541 N.E.2d 1028, 1030-1031. Under this standard, an appellate court will not reverse the decision of the trial court absent a showing of an abuse of discretion. An abuse of discretion is more than an error of law or judgment; it implies that the trial court's attitude is somehow unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore(1983),5 Ohio St.3d 217, 219, 450 N.E.2d 1140; Frederick v. Frederick
(Feb. 26, 1998), Cuyahoga App. No. 72156, unreported.
In this case, at the three separate trial court hearings conducted to determine Rochelle's income for child support purposes, Rochelle supplied the magistrate with complete personal income tax returns for the years 1989, 1990, 1992 and 1993. Rochelle supplied incomplete tax returns for the years 1991, 1994 and 1995. Rochelle failed to supply a tax Return for 1996, although he did offer unsubstantiated testimony as to his income for that year. In addition, Rochelle failed to provide complete financial information for the convenient store that a owns and operates. Much of the corporate information that was supplied was vague and incomplete.
Given the information presented, the magistrate did, in fact, arrive at a yearly income for Rochelle by averaging her calculations for the years 1993, 1994 and 1995. The magistrate's approximate income for each year was $32,071, $44,978 and $65,133, respectively, for an average yearly income of $47,394. The magistrate concluded that this figure included earnings from the convenient store, bonuses, interest and dividend income, capital gains, and rental income with the depreciation added back.
While it is clear that the magistrate attempted to arrive at an appropriate average income with the financial information provided by Rochelle, this court finds that the evidence was insufficient to support an award of child support which is in the best interest of the child despite the best efforts of the magistrate. Neff v. Neff(July 30, 1998), Cuyahoga App. No. 73094, unreported, citing to Leonard v. Erwin(1996), 111 Ohio App.3d 413,676 N.E.2d 552; Bowen v. Thomas(1995), 102 Ohio App.3d 196,656 N.E.2d 1328.
Given Rochelle's status as a business owner and the noticeable lack of financial information relating to that business, it is difficult to determine how the magistrate could consider all information necessary to arrive at an appropriate computation of child support pursuant to R.C. 3113.215. In addition, the lack of complete personal tax information combined with Rochelle's inability to recall specific financial details while testifying further hindered the efforts of the magistrate.
In computing income for purposes of child support, a court should pay particular attention to the possibility that a spouse who is the sole shareholder of a business is engaged in "creative accounting" designed to cloak net income. Therefore, the court needs to consider all financial data which relates to the operation of that spouse's business. See Bowen v. Thomas(1995),102 Ohio App.3d 196, 201; Sizemore v. Sizemore(1991), 77 Ohio App.3d 733,739. The failure to do so has been found to constitute an abuse of discretion. Bowen, supra.
In this instance, Rochelle's failure to provide the necessary financial information renders the decision of the magistrate as well as the trial court arbitrary and, therefore, an abuse of discretion. See Neff, supra; Aiello v. Aiello(Sept. 11, 1996), Seneca App. No. 13-96-12, unreported.
For the foregoing reasons, Gail Anne Corrigan's cross assignments of error are well taken as is William Rochelle's sixth assignment of error. Upon remand, the trial court is instructed to compel the production of sufficient financial records pertaining to Rochelle's personal and corporate earnings pursuant to R.C. 3113.215.
Judgment affirmed in part, reversed in part and remanded for further proceedings consistent with this opinion.
This cause is affirmed in part, reversed in part and remanded for further proceedings consistent with this opinion.
Each party to bear their own costs.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 ___________________________________ MICHAEL J. CORRIGAN JUDGE
McMONGALE, TIMOTHY E., P.J., and PATTON, J., CONCUR.
N.B. This entry is an announcement of the court's decision. See App.R. 22(B), 22(D) and 26 (A); Loc.App.R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22(E) unless a motion for reconsideration with supporting brief, per App.R. 26 (A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22(E). See, also, S.Ct.Prac.R. II, Section 2(A)(1).