OPINION
Angela D. Brightwell appeals from an order of the Juvenile Court that determined Antonia Charleton White to be the father of Brightwell's minor child and ordered White to pay child support from the date of the court's order. Brightwell argues that the court abused its discretion by failing to make its child support order retroactive to the date her complaint was filed, as she had requested.
Brightwell filed her paternity complaint on January 2, 1997. After several unsuccessful attempts to at service, the complaint and summons were finally served on White on September 5, 1997, eight months later, in Phoenix, Arizona.
Brightwell offered evidence to support her claim that White was aware of her paternity claim and that he had intentionally avoided service. White denied the claim.
The magistrate in her decision found that White is the father of Brightwell's child. She ordered White to pay child support, commencing the date that paternity was established. The magistrate declined to order support retroactive to the date that the complaint was filed, as Brightwell had requested, holding that "[l]aches applies to bar an award prior to paternity judgment."
Brightwell objected to the magistrate's decision on laches. The court overruled the objection, stating that the evidence that Brightwell had offered in support of a retroactive award was "ambiguous and conflicting" and, therefore, insufficient to support Brightwell's request.
Brightwell filed a timely notice of appeal. She presents two assignments of error.
 FIRST ASSIGNMENT OF ERROR THE DECISION OF THE MAGISTRATE RENDERED MARCH 9, 1999, AND THE ENTRY AND ORDER FILED BY THE COURT BELOW ON MAY 11, 1999 ARE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 SECOND ASSIGNMENT OF ERROR THE DECISION OF THE MAGISTRATE FILED MARCH 9, 1999, AND THE ENTRY AND ORDER FILED BY THE COURT ON MAY 11, 1999, VIOLATES THE CONSTITUTIONAL RIGHTS AND STATUTORY RIGHTS OF THE MINOR CHILD, JONATHAN DAVID SMITH, TO RECEIVE SUPPORT AND FINANCIAL AID FROM HIS BIOLOGICAL FATHER.
The duty of a biological parent to support his or her minor child out of his or her labor or property is statutorily imposed. R.C. 3103.03(A). The duty, and the corresponding right of the child to such support, commences at birth.
The right of a parent with custody of a child born out of wedlock to receive support from the other biological parent is likewise conferred by statute. R.C. 3113.21, et seq. However, the right is in the nature of a right of contribution. Therefore, the other parent's duty to pay such support commences, ordinarily, when his parentage is judicially determined.
Because the R.C. 3103.03(A) duty of support commences at birth, a child support order founded on the child's right to support is properly made retroactive to the date of the child's birth. Courts have tended to treat child support orders entered on the claim of the other parent for contribution in the same way, making them retroactive to the child's date of birth. Beach v.Poole (1996), 111 Ohio App.3d 710. Indeed, failure to do so when the claim is properly pleaded and proved has been held to constitute an abuse of discretion, absent an affirmative showing by the obligor sufficient to relieve him of that obligation.Baugh v. Carver (1981), 3 Ohio App.3d 189. A claim of hardship, alone, is generally insufficient. Seegert v. Zietlow (1994),95 Ohio App.3d 451. However, laches may apply to bar a claim for retroactive child support. Wright v. Oliver (1988), 35 Ohio St.3d 10.
The elements of laches are: (1) an unreasonable delay or lapse of time in asserting a right; (2) absence of an excuse for the delay; (3) knowledge, actual or constructive, of the injury involved; and, (4) prejudice to the party affected by the delay.State ex rel. Mallory v. Pub.Emp. Retirement Bd. (1988), 82 Ohio St.3d 235. Further, the prejudice resulting must be material.Wright v. Oliver, supra.
Brightwell asked for child support retroactive to the date her complaint was filed. Laches requires an unreasonable delay or lapse of time in asserting a right. Mallory, supra. The very function of a complaint that commences an action is to assert a right. Therefore, laches cannot bar Brightwell's claim for retroactive support, at least from and after the date on which her complaint was filed.
The assignments of error are sustained. The order from which this appeal was taken is reversed, in part, and the case is remanded for further proceedings consistent with this opinion.
BROGAN, J. and WOLFF, J., concur.
Copies mailed to:
Ronald D. Keener, Esq.
Cheryl Washington, Esq.
Hon. Michael B. Murphy