DECISION AND JUDGMENT ENTRY
This case is before the court on appeal from a judgment of the Lucas County Court of Common Pleas, Juvenile Division, which found appellant, Frank H., to be the father of Amanda O., born May 4, 1982. The court awarded appellee, Mary D., a lump sum judgment of $128,905 "as and for child support" owed by appellant for a period commencing on May 2, 1982 and including December 31, 1998. Appellant appeals and asserts the following assignments of error:
 "I. The application of the Ohio Child Support Guidelines for the entire period is a retroactive and therefore improper application under the authority of R.C. 1.84 [sic]."
 "II. It was reversible error for the Court below to ignore the equitable doctrine of laches as it apples
[sic] to the facts of the instant Cause."
 "III. It was reversible error for the Court below to ignore the doctrine of equitable estoppel as it applies to the facts of the instant cause."
Appellee first obtained an administrative order establishing that appellant is the father of Amanda. She then commenced the instant action asking the juvenile court to find that appellant is Amanda's father, to allocate parental rights and responsibilities and to enter an order of child support. On March 29, 1999, appellee filed her motion for child support seeking, among other things, a lump sum judgment for an arrearage in child support and an award of current child support. Appellee asked the juvenile court to calculate the amount of child support due and owing as of 1987-1988 pursuant to the Uniform Child Support Guidelines, as initially set forth in C.P. Sup.R. 75, first effective on October 1, 1987 and later codified in R.C. 3113.215, first effective on April 12, 1990. Appellee urged the court to employ the guidelines for child support calculations made prior to October 1, 1987, arguing that they provide "reasonable guidance as to what costs were in existence to maintain a child's standard of living, consistent with the respective gross earnings of each of her parents * * *." Based on these calculations, made by means of worksheets attached to her motion, appellee asked for a lump sum judgment in the amount of $128,905.
Appellant never filed an answer to appellee's complaint. In addition, in his reply to appellee's motion for child support, appellant did not
assert that appellee's claim was barred by the affirmative defenses of laches and/or equitable estoppel. Appellant's sole argument was directed at the amount of the child support arrearage. He contended that R.C.3109.05 was the law controlling the amount of a child support award between 1982 and 1987 and therefore asked the court to set child support at $25 per week through 1986. Appellant further maintained that the Uniform Child Support Guidelines were not codified in the years 1987 through 1991; thus, he maintained that the amount of child support for those years should be $50 per week, as determined pursuant to R.C.3109.05. Appellant conceded that R.C. 3113.215 was applicable in determining the amount of child support for the years 1992 through 1998. However, appellant asked the lower court to subtract $2,000 per year for each year since 1982, in recognition of appellant's right to claim Amanda as a deduction on his federal income taxes. Employing this method, appellant asked the court to determine an arrearage in the amount of $48,077.01.
On December 7, 1999, the magistrate, who determined appellee's motion on the "pleadings, affidavits and exhibits," as stipulated by the parties, filed a decision in favor of appellee. In awarding appellee the full amount she requested, the magistrate stated that:
 "* * * for those years prior to the adoption of the Uniform Child Support Guidelines, the Court finds that the amount which would have been produced by said Guidelines, had they been in effect, represents the best and only evidence submitted to the Court as to a reasonable approximation of the cost of living for said years and said amounts are therefore adopted for said years, prior to the enactment of the Uniform Child Support Guidelines, upon said basis."
Due to the fact that the magistrate's report was not served on appellant until December 14, 1999, the juvenile court granted appellant leave to file objections until December 28, 1999. On December 29, 1999, appellant filed untimely objections to the magistrate's report, raising, for the first time, the defense of laches with regard to the payment of support for the years 1982 through 1990. Appellant also urged that the magistrate erred in retroactively applying R.C. 3113.215, as effective in 1999[1], to determine the amount of child support due for the years 1982 through 1987 and in failing to credit him with $2,000 per year as a federal income tax deduction for Amanda. On January 13, 2000, the trial court overruled appellant's objections and affirmed the magistrate's decision. This appeal followed.
We shall first address appellant's Assignments of Error Nos. II and III.
Civ.R. 8(C) provides in pertinent part:
 "In pleading to a preceding pleading, a party shall set forth affirmatively * * * estoppel, * * * laches, * * * and any other matter constituting an avoidance or affirmative defense."
Thus, affirmative defenses, such as laches and estoppel, are waived under Civ.R. 12(H), unless presented "affirmatively in a responsive pleading under Civ.R. 8(C) * * *." State ex rel. The Plain DealerPublishing Co. v. Cleveland (1996), 75 Ohio St.3d 31, 33. Appellant failed to raise an estoppel or laches defense either in an answer to appellee's complaint or in response to her motion for child support. Consequently, appellee effectively waived those defenses and cannot now assert them on appeal. Therefore, we will not consider appellant's arguments related to laches and estoppel, and appellant's Assignments of Error Nos. II and III are found not well-taken.
Appellant's Assignment of Error No. I challenges the method used to calculate the amount of child support due and owing from May 4, 1982 through 1998. Specifically, appellant contends that the juvenile court violated the constitutional prohibition against the retroactive application of statutes in applying the Uniform Child Support Guidelines, as codified in R.C. 3113.215, to determine the amount of child support owed between 1982 and 1989.
R.C. 3111.13(C) and R.C. 3111.15(A) grant the juvenile court the authority to award child support in a parentage action. Because the R.C.3103.03(A) duty of support commences at the birth of a child, a trial court may order a support obligation in a parentage action to be effective as of the date of the child's birth. Beach v. Poole (1996),111 Ohio App.3d 710, 712; Seegert v. Zietlow (1994), 95 Ohio App.3d 451,459. Nevertheless, in ordering child support retroactive to the child's birth date, the court must apply the statutory law applicable during the relevant time period(s). See State ex rel. Donovan v. Zajac (1997),125 Ohio App.3d 245, 254. See, also, Seegert v. Zietlow,95 Ohio App.3d at 462-463 (approving the trial court's use of this application of the law in determining the amount of a child support arrearage). To do otherwise violates the constitutional prohibition against retroactive application of law as found in
Section 28, Article II of the Ohio Constitution. As a consequence of this constitutional prohibition, a "statute is presumed to be prospective in its operation unless expressly made retrospective." R.C. 1.48; VanFossen v. Babcock Wilcox Co. (1988), 36 Ohio St.3d 100, 105-106.
With regard to R.C. 3113.215, the legislature did not express an intent that R.C. 3113.215 is retroactive in application. Therefore, the guidelines, in their various forms, including C.P. Sup.R. 75, are only applicable prospectively. As a result, the juvenile court violated the constitutional prohibition against the retroactive application of law by finding that R.C. 3113.215 was the proper standard to apply to the entire period between 1982 and 1998. Accordingly, we conclude that the juvenile court was required to employ R.C. 3109.05 to ascertain the appropriate amount of child support owed between May 4, 1982 and October 1, 1987, to then apply C.P. Sup.R. 75 until April 12, 1990, and finally, to utilize R.C. 3113.215, as effective during specific periods of time, through 1998. See Seegert, supra. For this reason, appellant's Assignment of Error No. I is found well-taken.
The judgment of the Lucas County Court of Common Pleas, Juvenile Division, is affirmed, in part, and reversed, in part. This cause is remanded to that court solely for the purpose of the re-calculation of the child support arrearage owed by appellant. We order appellant and appellee to each pay one-half of the costs of this appeal.
Melvin L. Resnick, J., Richard W. Knepper, P.J., George M. Glasser,J., JUDGES CONCUR.
 ____________________________ JUDGE
Judge George M. Glasser, retired, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.
[1] We note that the worksheets attached to the magistrate's decision are forms having a copyright date of 1996 but were applied to each year from 1982 through 1998.