DECISION AND JUDGMENT ENTRY
This case is before the court on appeal from a judgment of the Ottawa County Court of Common Pleas, Juvenile Division, finding appellee, Michael F., to be the natural father of Steven D., born May 23, 1987, and ordering Michael to pay child support in the amount of $165.18 per month commencing on December 20, 1999. Appellants, the Ottawa County Child Support Enforcement Agency ("OCCSEA") and Sharon R., the natural mother of Steven D., appeal that judgment and assert the following assignments of error:
 "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN FAILING TO ORDER RETRO CHILD SUPPORT RETROACTIVE.
 "THE TRIAL COURT ERRED IN ADMITTING APPELLEE'S PURPORTED TAX RETURNS INTO EVIDENCE AS SAME WERE NOT SIGNED BY PLAINTIFF, WERE NOT PROPERLY AUTHENTICATED AT HEARING AND NO EVIDENCE WAS PRESENTED DEMONSTRATING THAT SAID RETURNS WERE ACTUALLY FILED WITH THE INTERNAL REVENUE SERVICE.
 "THE TRIAL COURT BELOW ERRED AND ABUSED ITS DISCRETION IN IMPUTING $10,920.00 IN INCOME TO APPELLEE FOR THE PURPOSE OF ESTABLISHING A CHILD SUPPORT OBLIGATION."
On November 22, 1999, Michael was found to be the father of Steven by administrative order. He then instituted a parentage action pursuant to R.C. 3111.01. Appellants filed a "complaint," that is, a motion, for child support and attached the administrative order which contained the results of genetic testing and found that appellee was Steven's natural father. The complaint expressly asked the court "to set an order for current child support in a reasonable weekly amount plus processing charge." Appellee answered, denied that he was Steven's father and raised the defense of laches.
At the hearing held on parentage and child support, several tax returns and other documents were offered into evidence for the purpose of establishing Michael's income for the purpose of determining child support. Appellants objected to the admission of these documents for lack of authentication. The trial court overruled the objection and admitted the documents.
Michael also testified extensively as to the sources of his income. According to Michael, he had not been employed since 1990 or 1991 when he was injured on his job as a welder/painter. He stated that he lived with his mother on jointly owned property. He maintained that his income is derived solely from rental properties owned by a partnership and from profits made in the operation of a bar. The bar is owned by an S Corporation; Michael and his partner in the rental properties are the only shareholders in the corporation. The documents entered into evidence and appellee's testimony disclosed that appellee netted approximately $400 per month income from rental properties and $1,500 per year profit from the operation of the bar. During closing arguments, appellants contended that appellee's "true" income was "hidden by his tax returns and asked the trial court to impute "income in the amount of $50,000 per year or more properly a greater income."
In its judgment entry, the trial court found that appellee was the natural father of Steven and named Sharon the residential parent and legal custodian of Steven. The court expressly found that appellee was voluntarily unemployed and therefore imputed a gross annual earnings of $10,920 to him. Using the requisite worksheet, the court then calculated appellee's share of child support as $37.37 per week plus a two percent processing fee commencing as of the date that Michael filed his complaint.
In their first assignment of error, appellants assert that the trial court abused its discretion by failing to order child support retroactive to the date of Steven's birth. Appellants contend that appellee failed to prove his defense of laches at trial; therefore, the court should have ordered retroactive child support. Appellee maintains that appellants failed to plead and prove any claim for retroactive child support by requesting only current child support in their prayer for relief.
R.C. 3111.13(C), which states that in a parentage action a juvenile court judgment may include "any other provision directed against the appropriate party to the proceeding, concerning the duty of support" is broad enough to allow a child support award to be made retroactive to the date of birth of the child. Nwabara v. Willacy (1999) 135 Ohio App.3d 120;Beach v. Poole (1996), 111 Ohio App.3d 710, 712. However, such an award is not mandated. Tod W. v. Erika P. (Sept. 17, 1999), Wood App. No. WD-99-013, unreported. Rather, such a decision, like all decisions related to child support matters, is within the broad discretion of the trial court. Id. (Citations omitted.) We cannot reverse the trial court's judgment on this issue absent an abuse of discretion, that is, the trial court's attitude in reaching its judgment must be unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219; Rebecca Sue A. v. Joseph A. (June 16, 2000), Ottawa App. No. OT-99-076, unreported.
Any award of retroactive child support must be pled and proved. Shockeyv. Blackburn (May 17, 1999), Warren App. No. CA98-07-085, unreported;Haudenschield v. Brakora (July 20, 1993), Montgomery App. No. 13749, unreported. Here, appellants expressly requested only a current child support award. Moreover, OCCSEA failed to offer any proof of state assistance in the amount of child support actually paid by the agency. See Lamier v. Lamier (1995), 105 Ohio App.3d 797, 801. We must therefore conclude that, under the particular and specific facts of this case, the trial court did not abuse its discretion in failing to order child support retroactive to the date of Steven's birth. Appellants' first assignment of error is found not well-taken.
In their second assignment of error, appellants argue that the trial court erred by admitting appellee's federal tax returns into evidence without proper authentication.
The admission or exclusion of evidence rests in the trial court's sound discretion. State v. Sage (1987), 31 Ohio St.3d 173, paragraph two of the syllabus. The requirement of authentication is satisfied "by evidence sufficient to support a finding that the [evidence] in question is what its proponent claims." Evid.R. 901(A).
In determining a child support obligation, R.C. 3113.215(B)(5)(a) requires that a parent "verify current and past income and personal earnings with suitable documents, including, * * * tax returns, and all supporting documentation and schedules for the tax returns." In the present case, appellee admitted on cross-examination that he could not see the unsigned federal tax returns that were admitted into evidence and could therefore not identify those returns, i.e., he could not state that they were his returns. Therefore, the trial court may have abused its discretion by allowing those returns into evidence. Michael did, however, testify, without objection, on direct examination to the contents of the tax returns, indicating that his gross income was approximately $6,300 per year. In addition, as requested by appellants, the juvenile court found that appellee was voluntarily unemployed and based the amount of the child support obligation on an imputed income and not upon the allegedly inadmissible evidence adduced at the hearing. Thus, error, if any, was not prejudicial to appellants, and their second assignment of error is found not well-taken.
In their third, and final assignment of error, appellants assert that the trial court abused its discretion in imputing an income of only $10,920 to appellee for the purpose of calculating his child support obligation.
In determining whether to impute income to a parent, a court must first find that parent is voluntarily unemployed or underemployed. Leonard v.Irwin (1996), 111 Ohio App.3d 413, 417. Then the court must determine the imputed income of the parent by adding together his or her gross income and "potential income" as decided in accordance with the factors set forth in R.C. 3113.215(A)(5). R.C. 3113.215(A)(1)(b). The determination of these matters will not be disturbed on appeal absent an abuse of discretion. Rock v. Cabral (1993), 67 Ohio St.3d 108, syllabus.
The gross income per year of appellee, according to his testimony, is $6,300. The amount of his "potential income" must be determined by his employment potential and probable earnings based on his recent work history, job qualifications, and the prevailing job opportunities and salary levels in the community in which appellee resides. R.C.3113.215(A)(5)(a). At the hearing, the evidence offered revealed that appellee is fifty-three years old and does not have a high school diploma or any technical or vocational training. For several years, he worked at various jobs as a laborer, earning minimum or near minimum wage.
In 1980, appellee obtained a position as a painter/welder at Barth Industries, earning $7 per hour. In 1989, he was injured on the job and testified that he received a total of $2,500 in worker's compensation benefits. According to appellee, he was physically unable to perform his job requirements and was fired by Barth Industries some six to eight months later. Appellee never applied for or received any disability payments of any kind. At the time of the hearing on this matter, Michael lived with his mother, subsisting solely on the net rent amounts from the partnership properties and profits from the bar. The bar and rental properties are located in an area of Cleveland, Ohio, occupied by "working class" people and are not highly profitable. Although the corporation attempted to sell the bar at one point, there were no buyers. Appellee pays $600 per year in child support for another child.
Based upon all of the foregoing facts and circumstances, we cannot say that the court's attitude in imputing $10,920 income to appellee for the purpose of calculating his child support obligation is unreasonable, arbitrary or unconscionable. Rock v. Cabral, 67 Ohio St.3d at 112. Appellants' third assignment of error is found not well-taken.
The judgment of the Ottawa County Court of Common Pleas, Juvenile Division, is affirmed. Appellants are ordered to pay the costs of this appeal.
 ____________________ RESNICK, M. L., J.
 Peter M. Handwork, J., Melvin L. Resnick, J., Richard W. Knepper, J., CONCUR.