OPINION
This is an appeal from a judgment of the Allen County Court of Common Pleas, Domestic Relations Division. The defendant-appellant, Alan E. Green ("the appellant"), appeals from a judgment of divorce, asserting the trial court erred in its determination of child and spousal support, and its allocation of the marital assets. For the following reasons, we affirm the judgment of the trial court.
The facts and procedural history of the case are as follows. The appellant and Ann M. Green ("the appellee") were married on August 15, 1981. Two children were born as issue of the marriage; Krysti, born September 7, 1989, and Kacie, born May 29, 1991. The parties were divorced on November 17, 1999.
Pursuant to the divorce decree, the appellee was designated the residential parent of the children. The trial court divided the marital assets of the couple and ordered the appellant to pay child support in the amount of $344.58 per month, per child, and spousal support in the amount of $333.33 per month.
The appellant now appeals, asserting the following three assignments of error.
 ASSIGNMENT OF ERROR NO. I The trial court abused its discretion in imputing an annual wage of $10,700.00 to the plaintiff-appellee, where the evidence demonstrated that the plaintiff-appellee was earning $15,000.00 per year at the time of separation and the trial found [sic] that the plaintiff-appellee would have the ability to earn $15,000.00 and possibly $18,000.00 to $20,000.00.
 In his first assignment of error, for the purposes of calculating child and spousal support, the appellant maintains that the trial court erred in finding that the appellee has an annual gross income of $10,712. For the following reasons, we do not agree.
Initially, we note that trial courts are granted broad discretion concerning awards of support. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217. In reviewing matters concerning support orders, the decision of the trial court should not be overturned absent an abuse of discretion. Booth v. Booth (1989), 44 Ohio St.3d 142,144. An abuse of discretion is more than a mere error of law or judgment. Holcomb v. Holcomb (1989), 44 Ohio St.3d 128,131. A lower court abuses its discretion only when its judgment reflects an attitude that is unreasonable, arbitrary or unconscionable. Id. Absent such an abuse of discretion, a reviewing court cannot substitute its judgment for that of the trial court. Id. Instead, when applying the abuse of discretion standard, a reviewing court must be guided by the presumption that the findings of the lower court are indeed correct. In re JaneDoe 1 (1991), 57 Ohio St.3d 135, 138.
Because the need for and the amount of an award of child support is governed by R.C. 3113.215, as opposed to R.C. 3105.18, which governs spousal support, we shall initially consider the trial court's imputation of gross annual income as it relates to child support.
In fashioning an appropriate child support order, the trial court must follow the provisions contained in R.C. 3113.21 through3113.219. Eickelberger v. Eickelberger (1994), 93 Ohio App.3d 221,223. In accordance with the child support guidelines, the trial court must first determine the annual gross income of each parent for the calculation of the child support obligation. See R.C. 3113.215. Before a trial court may impute income to a parent, the trial court must make a finding that the parent is voluntarily unemployed or underemployed. Leonard v. Erwin (1996),111 Ohio App.3d 413. If the trial court finds that one parent is voluntarily unemployed or underemployed, the trial court may compute the annual gross income of that parent by adding that parent's annual gross income to any potential income that the parent would be able to earn. See R.C. 3113.215; see, also, Rockv. Cabral (1993), 67 Ohio St.3d 108, 111.
In the case herein, for the purpose of calculating child support, the appellant challenges the trial court's conclusion that the appellee has an annual gross income of $10,712. In his brief, the appellant maintains that the appellee's earning potential is, at a minimum, $15,000 annually. To bolster his position, the appellant cites the trial court's own finding that the appellee's annual income could "easily reach $15,000.00 and possibly $18,000.00 to $20,000.00" per year.[1]
At the hearing of October 13, 1999, the appellee testified that in the year 1998 and in part of the year 1999 she had earned between $200 and $300 per week as an at-home babysitter for neighborhood children. The appellee's testimony reveals that prior to her working as a babysitter, she had worked full time as a secretary and a switchboard operator and had not earned much greater than the minimum wage.[2] The appellee also testified that she only has a high school education.
Pursuant to the foregoing testimony, we find ample evidence to support the trial court's conclusion that the appellee has an annual earning potential of approximately $10,712. Although the trial court's figure is a conservative estimate, we cannot in good conscience say that the figure is unreasonable.
The appellant next argues that, for the purposes of calculating spousal support, the trial court erred in finding that the appellee has an annual gross income of $10,712. Initially, we note that a trial court must determine whether an award of spousal support is appropriate and reasonable based upon the factors of R.C. 3105.18(C)(1). See R.C. 3105.18(C)(1). The trial court also must take into consideration these factors in determining the nature, amount, terms of payment, and the duration of spousal support. See R.C. 3105.18(C)(1). In particular, R.C.3105.18(C)(1)(a) and (b) require that, in doing so, the trial court consider the income of the parties and the relative earning abilities of the parties. See R.C. 3105.18(C)(1)(a) and (b).
In the case herein, the trial court did consider the income and relative earning abilities of the parties prior to reaching its decision and, for the reasons previously set forth in this assignment of error, we find no abuse of discretion in the trial court's determination. In conclusion, for the purposes of calculating spousal support, we find that the trial court did not err in imputing an annual gross income of $10,712 to the appellee.
Accordingly, the appellant's first assignment of error is not well-taken and is overruled.
 ASSIGNMENT OF ERROR NO. II The trial court abused its discretion in awarding substantially all of the cash assets of the parties to the plaintiff-appellee to offset the award to the defendant-appellant of his 401(K).
 In his second assignment of error, the appellant maintains that the trial court erred in its division of the marital property. Specifically, the appellant contends that the trial court's decision to award the majority of the cash assets to the appellee was an abuse of discretion. For the followings reasons, we do not agree.
Initially, we note that the law requires marital property to be divided equally. See R.C. 3105.171(C)(1). If, however, an equal division would produce an inequitable result, the property of the parties must be divided in such a way as the domestic relations court determines to be equitable. R.C. 3105.171(C)(1).
The trial court is necessarily vested with wide discretion in formulating an equitable distribution of marital property. Berishv. Berish (1982) 69 Ohio St.2d 318, 319; Coble v. Gilanyi (Dec. 23, 1999), Trumbull App. No. 97-T-0196, unreported. The judgment of the trial court in dividing marital property will not be disturbed on appeal unless the court abused its discretion.Booth, 44 Ohio St.3d at 144; Martin v. Martin (1985), 18 Ohio St.3d 292,294.
In the case herein, the appellant challenges the trial court's decision to award the majority of the cash assets to the appellee. A review of the trial court's judgment entry of November 5, 1999, reveals that the court did in fact award the majority of the cash assets to the appellee. In exchange for doing so, however, the appellant was awarded the full proceeds of his 401(K) retirement plan which, at the time of the declaration of assets, was valued at $48,222.71. The appellee, meanwhile, received the majority of the parties' cash assets worth approximately $45,929.61.[3]
In his brief, the appellant argues that the distribution of the assets was an abuse of discretion because the trial court did not take into account the tax implications as well as the terms and conditions associated with a 401(K) retirement plan. The appellant essentially argues that because the trial court failed to do so, the division of the marital assets was inequitable.
We find, however, that the trial court's division of the assets was an attempt to preserve the retirement asset in order that the appellant may procure from it the most benefit. Second, the division of the marital assets was the most feasible attempt to disentangle the parties' economic partnership so as to create a conclusion and finality to their marriage. See Hoyt v. Hoyt
(1990), 53 Ohio St.3d 177. Therefore, we find that the trial court's division of the marital assets was reasonable, equitable, and fair. For the foregoing reasons, the appellant's argument is without merit.
Accordingly, the appellant's second assignment of error is not well-taken and is overruled.
 ASSIGNMENT OF ERROR NO. III Whether or not the trial court abused its discretion by not attributing income to the plaintiff-appellee that substantial cash assets awarded to her ought to generate.
 In his third and final assignment of error, the appellant again maintains, for reasons other than those set forth in his first assignment of error, that the trial court erred in finding that the appellee has an annual gross income of $10,712. Specifically, the appellant contends that the trial court abused its discretion by failing to consider the appellee's award of the cash assets when computing her annual gross income. For the following reasons, we do not agree.
In his brief, the appellant contends that the distributive award of the cash assets represents potential future income that the trial court failed to take into consideration when computing the appellee's annual gross income.
R.C. 3113.215(A) excludes a variety of income sources from "gross income" under R.C. 3113.215(A)(2). Among these exclusions is a "nonrecurring or unsustainable income or cash flow item." R.C. 3113.215(A)(2). "Nonrecurring or unsustainable income or cash flow item" is defined in R.C. 3113.215(A)(11) in pertinent part, as follows:
 [A]ny income or cash flow item that the parent receives in any year or for any number of years not to exceed three years and that the parent does not expect to continue to receive on a regular basis. `Nonrecurring or unsustainable income or cash flow item' does not include * * * any other item of income or cash flow that the parent receives or expects to receive for each year for a period of more than three years or that the parent receives and invests or otherwise utilizes to produce income or cash flow for a period of more than three years.
 Thus, the question before this court is whether the cash assets should be included in the recipient's gross income.
The appellee argues that her receipt of the cash assets was a one-time event and should not be included in her gross income. We agree. The trial court's distributive award constitutes a single, non-recurring event. Therefore, pursuant to R.C. 3113.215(A)(2), the cash award is excluded from the appellee's gross income.
Accordingly, the appellant's third and final assignment of error is not well-taken and is overruled.
Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
 HADLEY, P.J.
 WALTERS and BRYANT, JJ., concur.
[1] See Judgment Entry of November 5, 1999.
[2] The appellee testified that she had earned approximately$5.35 per hour as a secretary.
[3] The appellant received cash assets worth approximately$5,169.04.