OPINION
Appellant, Gloria J. Allen, appeals the judgment entry of the Trumbull County Court of Common Pleas, Domestic Relations Division, in which the lower court adopted the recommendation of the magistrate in favor of appellee, Thomas J. Allen.
Appellant has filed numerous appeals to this Court, so the factual record is well documented. Both parties were married on May 25, 1974, and produced one child as issue of the marriage, Jeremiah Thomas Allen, who was born on January 1, 1986. A complaint for divorce was filed on April 12, 1993, by appellee. The lower court granted the divorce on July 11, 1995, and designated appellant as the residential parent and legal custodian of their son. Child support was ordered to be paid at the rate of $300 per month and the income tax dependency exemption was ordered to be considered in the child support obligation computation.
On January 9, 1997, appellant filed a motion to modify child support and requested the trial court to modify the child support obligation retroactively to July 29, 1996. A hearing was conducted before the magistrate on January 22, 1997, who found, in pertinent part, that: (1) income should be imputed to appellant at the rate of $5.75 per hour, forty hours per week, totaling $10,900; (2) appellee should pay $448 per month, plus poundage, to appellant for child support; (3) appellee's child support obligation should be retroactively applied as of August 15, 1996, and must include a $50 per month reduction in child support (now set at $498 to $448) because appellant had been claiming their child as a dependent for income tax purposes. The trial court adopted the magistrate's decision in a judgment entry dated May 7, 1997.
Appellant filed objections to the magistrate's decision on May 23, 1997, but said objections were overruled by the lower court on May 29, 1997. Importantly, appellant failed to provide the trial court with a transcript of the January 22, 1997 hearing. Appellant then filed an appeal with this Court in Allen v. Allen (June 26, 1998), Trumbull App. No. 97-T-0114, unreported ("Allen I").
On appeal, this Court held that the lower court erred by adopting the factual findings of the magistrate with respect to the imputation of wages to appellant pursuant to R.C.3113.215(A)(5). Specifically, we held that the magistrate failed to make an express finding that appellant was voluntarily unemployed or underemployed before imputing income. Moreover, we stated that the magistrate needed to relate appellant's prior earnings and college degree to the requisite factors enumerated in R.C. 3113.215(A)(5)(a) in a manner that demonstrated how "appellant's college education and stated earnings, in view of the current job market in appellant's community, indicate that she is capable of earning more than she currently earns." Allen, supra, unreported, at 10. Thus, we remanded the imputation of income issue to the trial court in order that it set forth factual findings that explain its decision to impute income.
In Allen I, we also concluded that the trial court erred in adopting the magistrate's recommendation that child support be reduced retroactively, as of August 15, 1996, in the amount of $50 since appellant retained the dependency exemption for tax purposes. We remanded the issue to the trial court in order that it indicate its rationale for the decision based on the particular facts of the case. Id. at 12.
On remand to the Trumbull County Court of Common Pleas, Domestic Relations Division, the magistrate conducted a hearing on July 29, 1998. On October 29, 1998, the magistrate issued its decision and wrote that income should be imputed to appellant in the sum of $10,912 per year due to the fact that she has a bachelor's degree in speech communications, made $2,083.34 per month for a period of six months while working as a producer for a television station, and that the amount of $10,912 per year represents an income merely equaling minimum wage at full-time employment. The magistrate further decided that the prevailing job opportunities in Columbus, Ohio, with her experience, educational background, prior work experience, and employment potential, would permit her to achieve at the very least, a minimum wage level of income.
Additionally, the magistrate decided that based upon the fact that appellee earns $33,840 per year and appellant was found to earn minimum wage income totaling $10,912, the dependency exemption was awarded to appellee. In support of that determination, the magistrate noted that in its decision, it took into consideration the parties relevant federal, state, and local tax rates, and other exemptions and deductions available to each party. On that basis, the magistrate stated that it was in the best interest of the child to award the dependency exemption to appellee due to his higher tax rate. Finally child support was recommended to be set in the amount of $498 per month plus poundage.
Appellant filed objections to the magistrate's decision on November 12, 1998, without transcripts of the hearing, as admitted in her brief to this Court. On November 18, 1998, the trial court adopted the decision of the magistrate, overruling appellant's objections. Appellant then timely filed the instant appeal and now raises the following assignments of error:
 "[1.] The trial court erred to the prejudice of the Defendant-Appellant when it overruled her objection to [the] Magistrate's Decision and Accompanying Judgment Order when there are inadequate explanations, as ordered by the Court of Appeals, in it's findings of facts, and such does not serve the best interest of the minor child. [sic]
 "[2.] The trial court erred to the prejudice of the Defendant/Appellant by adopting the factual findings of the Magistrate with respect to [the] imputation of income per Judgment order filed October 29, 1998. [sic]
 "[3.] The trial court erred to the prejudice of the Defendant/Appellant by taking away the tax exemption of the minor child." [sic]
For organizational purposes, we will initially address appellant's second assigned error, followed by an analysis of the first and third assignments of error.
In the second assignment of error, appellant avers that the trial court committed prejudicial error by imputing income to her because it failed to relate its factual determinations to the requisite factors set forth in R.C. 3113.215(A)(5), did not follow the child support guidelines, and was not in the best interests of the minor child.
In addressing this assignment of error, we must take notice of the fact that appellant failed to supply the trial court with a copy of the transcript or an affidavit of the evidence of the July 29, 1998 hearing before the magistrate in support of her objections to the magistrate's October 29, 1998 decision that was based upon that hearing. Civ.R. 53(E)(3)(b) states that any objections to a finding of fact must be supported by a transcript, or affidavit if a transcript is unavailable, of all the evidence submitted to the magistrate relevant to that fact. Moreover, an appellate court is "not permitted to review or rely upon any materials that were not before the trial judge." Allen, supra, unreported, at 7. Thus, although we possess a copy of the July 29, 1998 hearing, we are precluded to review or rely upon it because it was not presented before the trial judge regarding appellant's objections to the magistrate's decision.
Since appellant's objections to the magistrate's decision were not supported by a transcript or affidavit, she is precluded from challenging the trial court's findings of fact on appeal and has waived any claim that the lower court erred in adopting the magistrate's findings. See, generally, Pawlowski v. Pawlowski
(Aug. 22, 1997), Lake App. No. 96-L-144, unreported. However, although appellant is forestalled from challenging the court's findings of fact, she may still properly appeal issues of law related to the findings of fact. In re Alexander (Dec. 19, 1997), Trumbull App. No. 96-T-5510, unreported, at 4. Finally, when no transcript or affidavit was provided to the trial court in support of objections to the findings of a magistrate, appellate review of the lower court's adoption of a finding of fact is limited to determining whether such adoption constituted an abuse of discretion. Gorombol v. Gorombol (Aug. 9, 1996), Lake App. No. 95-L-036, unreported, at 4.
Consequently, in regard to this assignment of error, we must determine whether the trial court committed an abuse of discretion in adopting the factual findings of the magistrate with respect to the imputation of income to appellant. Crucial to the issue of income imputation is the application of R.C. 3113.215(A)(5), which states:
 "* * * `Potential income' means both of the following for a parent that the court, or a child support enforcement agency pursuant to sections 3111.20, 3111.21, and 3111.22 of the Revised Code, determines is voluntarily unemployed or voluntarily underemployed:
 "(a) Imputed income that the court or agency determines the parent would have earned if fully employed as determined from the parent's employment potential and probable earnings based on the parent's recent work history, the parent's occupational qualifications, and the prevailing job opportunities and salary levels in the community in which the parent resides[.]"
The amount of "potential income" to be imputed is a matter left to the trial court's determination based upon the facts and circumstances of each case, and will not be disturbed on appeal absent an abuse of discretion. Rock v. Cabral (1993),67 Ohio St.3d 108, syllabus. In order to impute income to a party, a trial court must first expressly find that the party was voluntarily underemployed or unemployed. Leonard v.Erwin (1996), 111 Ohio App.3d 413, 417. See, also, R.C.3113.215(A)(5); Allen, supra, unreported, at 10.
Guided by the rules of law as set forth above, this Court concluded in the first appeal that the instant matter must be remanded to the trial court because it failed to make an explicit finding that appellant was voluntarily unemployed or underemployed before imputing income to her. Allen, supra, unreported, at 10. Indeed, we directed the trial court to link the facts concerning appellant's level of education and prior earnings with the current job market in her community and indicate that she is capable of making more money. Id.
In reviewing the magistrate's decision that was adopted by the trial court on remand, there was an express finding that appellant was voluntarily underemployed, as required by R.C. 3113.215(A)(5),Erwin, and Allen. Moreover, the magistrate wrote that appellant has a bachelor's degree in speech communications and has worked as a producer for a television station, earning wages totaling $2,083.34 per month in a given six month time period. The magistrate further determined that her twelve and one-half years of experience as a producer/writer, along with her education, should easily allow her to make at least minimum wage ($10,912 per year) in the Columbus area where she now resides. The magistrate came to that decision by expressly stating that prevailing job opportunities and salary levels in Columbus were considered. Accordingly, the trial court imputed income to appellant in the amount of $10,912.
In reviewing the record, it is evident that the trial court complied with our order of remand on this issue and decided the case in accordance with the applicable law. Thus, appellant's second assignment of error is without merit.
In appellant's first assigned error, it is argued that the trial court erred in adopting the magistrate's decision because this Court ordered the trial court to address the $50 reduction in child support issue that was discussed in the first appeal in which the magistrate had ignored that matter. Additionally, appellant states on remand that the trial court apparently revoked its previous order that child support be reduced by $50 per month beginning August 15, 1996, since it reassigned the dependency tax exemption to appellee and ordered him to pay monthly child support in the amount of $498.
In Allen I, this Court noted that the trial court had granted appellee a $50 reduction in child support because appellant had claimed their son as a dependent for income tax purposes, and remanded the issue to the trial court. However, appellant interprets the remand of this issue too narrowly in view of the underlying facts and circumstances reflected in the record of this case.
While, on remand, the lower court could have simply provided its rationale for the child support reduction, there was nothing in our earlier opinion which would foreclose a reconsideration of the dependency exemption. Indeed, in our review of the issue, the trial court properly allocated the dependency exemption to appellee because, as stated by the lower court, appellee earned $33,840 per year, while appellant was imputed to earn $10,912, which necessarily dictates that appellee could make the best use of the exemption that would be of no economic value to appellant based upon her tax bracket. Additionally, the court expressly wrote that it considered the relevant federal, state, and local income tax rates of the parties and the exemptions and deductions available to each of them. Accordingly, the lower court determined that awarding appellee the dependency exemption would be in the best interest of their child.
The rationale proffered by the lower court for granting the dependency exemption to appellee is both cogent and convincing. Therefore, appellant's first assignment of error is not well-taken.
In the third error assigned, appellant avers that the trial court erred by taking away the tax exemption previously awarded to her and giving it to appellee. For the reasons articulated in addressing appellant's first assignment of error, we conclude that appellant's third assignment of error is meritless.
For the foregoing reasons, appellant's assignments of error are without merit. The judgment of the Trumbull County Court of Common Pleas, Domestic Relations Division, is affirmed.
 ______________________________ PRESIDING JUDGE DONALD R. FORD
NADER, J., O'NEILL, J., concur.