OPINION
Defendant-appellant, Joni L. Strailey ("Strailey"), appeals from the judgment of the Lake County Juvenile Court, terminating a shared parenting plan, naming plaintiff-appellee, Jeffrey B. Powell ("Powell"), as the residential parent and legal custodian of the parties' minor child, Dominic Powell ("Dominic").
Dominic Powell was born on July 11, 1994. Strailey and Powell never married. On December 11, 1996, following the parties' separation, they entered into a shared parenting plan under which each had equal possession time with their son. Powell had possession of Dominic from Sundays at 8:00 p.m. to Wednesdays at 8:00 p.m. Strailey had possession the rest of the time. Neither party paid child support.
Problems developed between Powell and Strailey. On July 15, 1998, Powell filed a motion to terminate the shared parenting plan. On July 28, 1998, Powell filed a motion to show cause for Strailey's interference with his possession time. On August 14, 1998, Powell filed another motion to show cause, again for violating the court order regarding his possession time. Strailey responded with a motion for shared parenting, filed on May 12, 1999. In the motion, Strailey asked for possession of Dominic from Sundays at 6:00 p.m. through Fridays at 6:00 p.m. Powell would essentially have possession for the weekends. On May 12, 1999, a hearing was held before a magistrate on those motions as well as Powell's motions to show cause.
Powell testified Strailey repeatedly interfered with his visitation. Powell filed numerous police reports and often arrived for his scheduled pick-up of Dominic accompanied by police officers. Powell also hired a private investigator to accompany him on the visits because of problems with Strailey. Powell, his father, and step-mother averred Strailey used abusive language in front of Dominic. Powell stated Strailey moved a number of times. He averred Strailey had not obtained his permission first or notified him of her change of residence as required by the shared parenting plan.
Strailey denied using abusive language in front of Dominic or denying Powell possession without justification. Strailey stated she did not permit Dominic to go with Powell a couple times when she believed it was unsafe. Strailey thought Powell had been drinking. She twice arranged for Powell's step-mother to pick up the child to ensure Powell's possession. Another time, Strailey refused Powell possession when he arrived two hours late and Dominic was asleep. Strailey averred she obtained Powell's consent before she moved. She also denied taking Dominic on vacation for three weeks instead of the scheduled two weeks. Powell testified Strailey disappeared with the child for three weeks without his knowledge of their whereabouts.
Powell enrolled Dominic in a preschool program for the 1997-1998 school year, but the child was withdrawn from the program when Strailey failed to take him to the facility. Powell testified Strailey opposed preschool for Dominic because she did not think it was necessary. Strailey denied being aware that Dominic was supposed to attend preschool that year. Powell enrolled Dominic in another preschool program for the following year. Strailey agreed to be responsible for transporting the child there on Thursdays. Powell took Dominic on Wednesdays and Fridays even though Strailey had possession on Fridays. Dominic's preschool attendance was part of a court order. Dominic was absent on a number of Thursdays. Strailey reported that either the child or she was ill or weather conditions prevented her from safely transporting him to the preschool.
Powell arranged for Dominic's enrollment in kindergarten in Mentor where Powell resides. Strailey stated the child should attend kindergarten in Painesville. At the time of the July hearing, Strailey's only preparation for enrolling Dominic had been to ask a neighbor what school he would attend. Dominic was to begin kindergarten in August, less than six weeks after the hearing.
Powell is employed at a restaurant owned by his family. Powell reported his schedule allowed for flexibility so he could spend time with his son. He acknowledged his arrest in 1998 for driving under the influence. Powell was convicted of reckless operation. Strailey babysits for family members and friends for approximately thirty hours a week. Strailey had not filed income tax returns for 1996, 1997, or 1998, but stated she was in the process of filing amended returns. Strailey admitted her driver's license had expired. Several months passed following her receiving a ticket for the offense before Strailey obtained the necessary paperwork to obtain a valid license.
On August 16, 1999, the magistrate issued his decision. The magistrate found the current shared parenting plan to be unworkable due to the parties' inability to cooperate on making joint decisions regarding visitation, preschool attendance, vacations, and other matters. The magistrate found Strailey did not encourage the sharing of love, affection, and contact between Powell and Dominic.
The magistrate determined a change of circumstances had occurred. The change of circumstances was the failure of the shared parenting plan and that Dominic was entering kindergarten. The magistrate found the harm likely to be caused by a change of environment did not outweigh the advantages of a change. The magistrate determined that it was in Dominic's best interest for Powell to be named residential parent and legal guardian after considering the factors set forth in R.C. 3109.04(F). Strailey was ordered to pay $33 a month in child support. The magistrate granted Powell's motions to show cause.
On August 24, 1999, the trial court granted Strailey's motion for an extension of time to file objections to the magistrate's report. Strailey stated more time was needed because a transcript of the hearing had not yet been obtained. On October 5, 1999, the trial court granted Strailey a further extension of time to file objections. On November 5, 1999, the trial court again extended the time in which Strailey could file objections. On November 22, 1999, Strailey filed her objections to the magistrate's decision. Strailey objected to the exclusion of certain evidence relating to various criminal and alcohol related offenses committed by Powell before they entered into the shared parenting agreement in 1996. Strailey also objected to the exclusion of evidence that showed Powell was in arrears of his child support obligations from a previous marriage. Strailey contended the shared parenting agreement was workable. She denied preventing Powell from exercising his visitation. Strailey stated she did facilitate Dominic's preschool attendance. Strailey further denied swearing at or degrading Powell and his family. She disputed the finding that a change in circumstances had taken place. Strailey contended the harm caused by a change of custody outweighed any advantage. Strailey argued it was in the child's best interest to remain with her or to continue the shared parenting plan. Strailey disputed the award of child support because she contended no change of custody was warranted.
On February 10, 2000, the trial court overruled Strailey's objections to the magistrate's report. The trial court did remand one issue for the magistrate's determination regarding the contempt. The trial court required the magistrate to state what burden of proof had been relied upon. On March 2, 2000, the trial court issued a judgment entry stating the magistrate filed a supplemental decision clarifying that he applied a clear and convincing standard of proof to the question of whether Strailey was in contempt. The trial court found Strailey to be in contempt of court for violating the court ordered possession time of Powell. Strailey could purge the contempt by engaging in no further denials of visitation. Strailey has appealed from the judgment of the trial court. This court determined it lacked jurisdiction to consider the contempt issue because only conditional sanctions were imposed. The appeal will be determined without reference to the finding of contempt.
Strailey assigns the following errors for review:
 "[1] The Trial Court erred to the prejudice of the Appellant (hereinafter "Mother") when it granted Father's Motions in Limine with respect to Mother's Exhibits A-G and any evidence relating to Father's child support orders for children of a previous marriage.
 "[2] The Trial Court abused its discretion in modifying the previous order regarding allocation of parental rights and responsibilities. R.C. 3109.04
precludes a modification of custody unless a change of circumstances is found.
 "[3] The Trial Court erred to the prejudice of the Mother by ordering the Mother to pay child support."
 In her first assignment of error, Strailey contends the trial court erred by excluding evidence of various criminal and traffic offenses incurred by Powell prior to the implementation of the shared parenting plan in 1996. Strailey argues the trial court erred by limiting the hearing to events taking place after the shared parenting plan began. Strailey asserts the evidence was necessary to prove Powell has continuing problems with alcohol abuse and in assuming responsibility.
R.C. 3109.04(E)(1)(a) provides:
 "The court shall not modify a prior decree allocating parental rights and responsibilities for the care of children unless it finds, based on facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child, his residential parent, or either of the parents subject to a shared parenting decree, and that the modification is necessary to serve the best interest of the child."
 The admission of relevant evidence is within the sound discretion of the trial court, and the decision to admit or exclude such evidence will not be reversed absent a showing of an abuse of that discretion. Rigby v. Lake Cty. (1991), 58 Ohio St.3d 269, 271; State v. Sage
(1987), 31 Ohio St.3d 173, paragraph two of the syllabus. To demonstrate an abuse of discretion, an appellant must show that the trial court's ruling was arbitrary, unreasonable, or unconscionable. Wilmington Steel Products, Inc. v. Cleveland Elec. Illuminating Co. (1991), 60 Ohio St.3d 120, 122.
In Silvis v. Silvis (Mar. 27, 1998), Portage App. No. 97-P-0071, unreported, 1998 Ohio App. LEXIS 1267, this court held the trial court did not abuse its discretion by excluding evidence of events which transpired prior to the parties' divorce. This court noted that when considering a request to modify custody, the hearing is to focus on whether a change of circumstances warrants a modification of a prior custody order, and, if so, whether such modification is in the best interest of the child. The purpose of the hearing is not to relitigate issues already determined in earlier proceedings. The court in In reNorton (Apr. 28, 1998), Washington App. No. 96CA37, unreported, 1998 Ohio App. LEXIS 2043, upheld the trial court's exclusion of evidence regarding matters that occurred before the divorce and original award of custody.
The initial focus of a modification of a custody order is on whether a change of circumstances has occurred since the previous award of custody. Strailey certainly was aware of the previous legal difficulties of Powell as well as any propensity toward alcohol abuse at the time she entered into the shared parenting agreement. Once a determination of a change of circumstances has been made, a trial court may consider prior facts for purposes of determining what is in the best interest of the child. The determination of what is in the best interest of the child is completely within the trial court's discretion. The trial court may consider evidence that predates the existing custody agreement when determining the best interest of the child, but the court is not required to do so. Brooks v. Brooks (Dec. 14, 1995), Franklin App. No. 95APF03-381, unreported, 1995 Ohio App. LEXIS 5488. The trial court did not abuse its discretion by excluding the evidence of matters predating the shared parenting agreement when making its determination of what was in the best interest of Dominic.
Strailey also disputes the trial court's exclusion of evidence showing Powell is in arrears of a child support order pertaining to his two daughters from a former marriage. The trial court determined the information was not relevant to the proceedings involving Dominic. The trial court did not abuse its discretion by focusing the arguments advanced at the hearing on the parties' relationship with Dominic when determining what was in Dominic's best interest. Strailey's first assignment of error is without merit and overruled.
In her second assignment of error, Strailey argues the trial court abused its discretion by terminating the shared parenting plan and awarding custody to Powell. Strailey disputes that a change of circumstances occurred since the implementation of the shared parenting agreement. She denies interfering with Powell taking custody of their child or causing friction during the exchange. Strailey asserts that Dominic obtaining school age does not comprise a change of circumstance sufficient to support a change of custody. Strailey denied that the shared parenting plan was not working or that difficulties with the plan constituted a change of circumstance.
A trial court has broad discretion when it decides the allocation of parental rights and responsibilities. Donovan v. Donovan (1996),110 Ohio App.3d 615, 618. A trial court's judgment in custody matters enjoys a presumption of correctness and should be accorded the utmost respect. Butler v. Butler (1995), 107 Ohio App.3d 633. A reviewing court may not reverse a trial court's custody determination absent an abuse of discretion. Donovan, supra, at 618. An abuse of discretion implies that the trial court's decision was arbitrary, unreasonable, or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. As such, a trial court's award of custody will not be reversed as being against the manifest weight of the evidence when supported by a substantial amount of competent, credible evidence. Bechtol v. Bechtol
(1990), 49 Ohio St.3d 21, 23.
R.C. 3109.04 governs modifications of custody orders. The statute requires a finding of a "change of circumstance" by the trial court.Davis v. Flickinger (1997), 77 Ohio St.3d 415. Three elements must be present for the trial court to modify an existing shared parenting plan. The trial court must find: (1) there is a change in circumstances; (2) if circumstances have changed, the modification of custody must in the child's best interests; and (3) any harm to the child from a modification of the plan must be outweighed by the advantages of such a modification.Rohrbaugh v. Rohrbaugh (2000), 136 Ohio App.3d 599.
The change in circumstances need not be substantial but must be a change of substance. A child's maturing may constitute a change in circumstances but age alone will not be sufficient. Basinger v. Basinger
(Apr. 30, 1999), Trumbull App. No. 98-T-0080, unreported, 1999 Ohio App. LEXIS 2017. Age may constitute a change in circumstance, requiring a major adjustment to previous visitation or custody arrangements when combined with hostility between the parents. Davis, supra. The trial court is entitled to consider the change in circumstances caused by the child starting kindergarten and the parents' reaction when dealing with the changes caused by the commencement of the child's education. Id.
There was evidence adduced at the hearing showing that Strailey did not facilitate Dominic's education. Although there was a court order that the child attend preschool, most of Dominic's absences occurred on the days Strailey was responsible for his attendance. Powell consistently demonstrated a greater commitment to their son's education. Powell undertook the necessary steps to enroll Dominic in kindergarten. Strailey made only a brief inquiry of a neighbor about which school he would attend even though the start of the school year was mere weeks away at the time of the hearing.
Ample evidence admitted at trial demonstrated the hostility between the parties. There have been problems over exchanging custody from one parent to the other. Powell filled out numerous police reports regarding problems with obtaining custody of Dominic at the appointed time. Strailey argues the police presence and the private investigator were there only because Powell wished to cause problems. She admitted to not allowing Powell immediate custody on three occasions. Strailey stated she made alternate arrangements for Dominic to be taken to his father's home twice when it appeared Powell had been drinking. The third denial happened when Powell arrived well after the appointed time and Dominic was asleep.
Most of Strailey's arguments concern credibility. Conflicts in testimony are best left to the trier of fact to resolve. Beekman v.Beekman (1994), 96 Ohio App.3d 783, 787. The demeanor of the witnesses, the timing of his responses and facial expressions are matters bearing upon credibility and observable by the trier of fact but not by a reviewing court. State v. Eley (1978), 56 Ohio St.2d 169. Deference should be given to the trier of fact in the determination of the weight and importance of the evidence. Seasons Coal Co., Inc. v. Cleveland
(1984), 10 Ohio St.3d 77, 80. The magistrate considered Powell to be the more credible of the two when making the determination of what was in Dominic's best interest. That finding is given deference upon appeal.
Interference with visitation and hostility by a parent may be considered as part of a change in circumstance supporting a modification of custody. Headley v. Headley (Sept. 29, 2000), Ashtabula App. No. 99-A-0049, unreported, 2000 Ohio App. LEXIS 4556. There was evidence Strailey berated Powell and his family members when they came to pick up Dominic. The verbal abuse took place in front of Dominic. There also was evidence supporting the magistrate's finding that Powell was more likely to facilitate visitation. Strailey reported no incidents when she was denied visitation.
There is a great deal of hostility between the parties. They apparently cannot communicate on issues regarding the welfare of their child. Cooperation and communication are necessary in order for a shared parenting plan to be successful. Powell had difficulty discovering where Strailey was living at certain times. The parties argued over vacations, education, and holidays. As stated in Headley, supra, a shared parenting plan requires a cooperative effort between the parents in order to accomplish the purpose of the plan. A trial court is justified in finding a change of circumstance has taken place when one parent will not cooperate with the other. The trial court did not abuse its discretion by upholding the magistrate's decision that a change of circumstance had occurred.
A trial court's decision regarding a change in custody must be made according to the child's best interest. In making this determination, the trial court must consider the factors enumerated in R.C. 3109.04(F)(1) but may consider other relevant factors as well. Rowe v. Rowe (Dec. 17, 1999), Lake App. Nos. 98-L-073, 98-L-163, unreported, 1999 Ohio App. LEXIS 6122. The factors set forth in R.C. 3109.04(F)(1) are:
 "[a] The wishes of the child's parents regarding his care;
 "[b] * * * the wishes and concerns of the child, as expressed to the court;
 "[c] The child's interaction and interrelationship with his parents, siblings, and any other person who may significantly affect the child's best interest;
 "[d] The child's adjustment to his home, school, and community;
 "[e] The mental and physical health of all persons involved in the situation;
 "[f] The parent more likely to honor and facilitate visitation and companionship rights approved by the court;
 "[g] Whether either parent has failed to make all child support payments * * *;
 "[h] Whether either parent previously has been convicted of or pleaded guilty to any criminal offense * * *;
 "[i] Whether the residential parent * * * has continuously and willfully denied the other parent his or her right to visitation;
 "[j] Whether either parent has established a residence, or is planning to establish a residence, outside this state."
 The magistrate considered these factors when he made his determination of what was in Dominic's best interest. Again, Strailey's primary argument concerns credibility. The magistrate noted Dominic has established relationships in both households and was physically healthy. The magistrate found that neither parent had significant physical or mental problems. The magistrate discounted Strailey's claim that Powell had a significant problem with alcohol abuse. The magistrate also found that Strailey had continuously and willfully denied visitation. There was evidence to support each of these findings. The trial court did not abuse its discretion by determining the change in custody was in Dominic's best interest.
The record supports the magistrate's determination that the harm likely to be caused by the change in environment was outweighed by the advantages. There was evidence Dominic was aware of the hostility between his parents. Powell appears to offer a more stable environment and is more likely to foster Dominic's educational development. The trial court did not abuse its discretion by terminating the shared parenting plan and naming Powell as the residential parent and legal guardian. Strailey's second assignment of error is overuled.
Strailey's third assignment of error disputes the award of child support. Strailey's entire argument with the child support order is that she should not owe any support under the shared parenting plan or if she becomes the residential parent.
When reviewing the propriety of the trial court's determination of income in a matter involving child support, an appellate court applies an abuse of discretion standard. Leonard v. Erwin (1996),111 Ohio App.3d 413, 415, citing Booth v. Booth (1989), 44 Ohio St.3d 142. Under this standard, an appellate court will not reverse the decision of the trial court absent a showing of an abuse of discretion. An abuse of discretion connotes more than an error of law or judgment. It implies the trial court's decision was unreasonable, arbitrary, or unconscionable. Blakemore, supra. A trial court must follow the child support statute, R.C. 3113.215, literally and technically in all material respects. Marker v. Grimm (1992), 65 Ohio St.3d 139.
The trial court ordered Strailey to pay $33 per week for Dominic's support. A completed child support worksheet is attached to the judgment entry. The trial court found Strailey's annual income to be $9,360 and performed all the calculations necessary to determine the correct amount of support. Strailey is not disputing the amount of child support awarded but that any award was made at all. This contention is based upon the parties having a shared parenting plan or upon Strailey being named the residential parent. The resolution of Strailey's second assignment of error affirmed the trial court's judgment naming Powell as the residential parent. Strailey's arguments are inapposite. The trial court did not abuse its discretion by entering an order that Strailey pay child support. Strailey's third assignment of error is overruled. The judgment of the trial court is affirmed.
 _______________________________________ JUDGE DIANE V. GRENDELL
FORD, P.J., NADER, J., concur.