{¶ 1} Defendant-appellant, Randall A. Carletti, appeals from a Mahoning County Common Pleas Court, Juvenile Division decision ordering him to pay child support and arrearages to plaintiff-appellee, Mary D. Ciura, f.k.a. Mary D. Crookston, for the support of their minor daughter.
 {¶ 2} Appellee is the mother of Michelle Dawn Crookston, d.o.b. 8/20/85. This case arises from a paternity action filed by appellee against appellant. The findings of fact as set out by the magistrate provide us with the background necessary for this appeal. Appellee instituted paternity proceedings in Hamilton County in March 1993 to establish Michelle's paternity, at the time naming two defendants, including appellant. The Hamilton County Juvenile Court ordered genetic testing. The tests concluded that the probability of paternity for appellant at 99.99 percent. Appellant did not contest the finding. However, the parties did not follow the case through to judgment. On May 19, 2000, the Mahoning County Child Support Enforcement Agency established that appellant was Michelle's father.
 {¶ 3} On June 6, 2000, appellee filed a complaint against appellant seeking child support and other relief. The case proceeded to a hearing before a magistrate. Appellant submitted wage information for 1999 and 2000 indicating his income at $17,690. Appellant is employed by Randi and Associates, which his wife owns and operates. Appellant testified that before 2000, he and his wife filed joint tax returns but they now file separately. Appellant's testimony and prior tax returns show income of $99,000. Appellant also testified that he bought his home and transferred it to his wife's name in 1985. Finally, he testified there is a Carletti Family Trust, which was established in 1985 with his wife as trustee. The magistrate noted appellant has suffered several business losses. The magistrate further stated that appellant's attempt to shield his assets from his creditors will not protect him against an obligation for child support. The magistrate determined she would calculate appellant's child support arrearage from March 1, 1993.
 {¶ 4} The magistrate concluded a parent child relationship existed between appellant and Michelle. On the child support worksheet, the magistrate listed appellant's gross annual income as $50,000. The magistrate established appellant's monthly support at $654.16 per month, plus fees. She also established appellant's arrearage to be $62,798.88 and ordered that he pay $141 per month, plus fees, toward the arrearage. Appellant filed objections to the magistrate's decision. The court held a hearing on appellant's objections.
 {¶ 5} In an October 15, 2002 journal entry, the trial court adopted the magistrate's decision. Appellant filed his timely notice of appeal on November 4, 2002. On November 8, 2002, the court entered a judgment entry adopting the magistrate's decision nunc pro tunc because in the first judgment entry it inadvertently stated that no objections had been filed. This court sua sponte raised the issue of jurisdiction in a March 11, 2003 journal entry. We stated the trial court's entry which simply adopted the magistrate's decision was not a final appealable order and sent the case back to the trial court on a limited remand so the court could enter a final judgment that set out the rights and obligations of the parties. In response, the trial court filed its judgment entry on March 25, 2003.
 {¶ 6} At the outset, it should be noted that appellant has not filed a transcript of either the hearing before the magistrate or the hearing before the trial court. The appellant bears the burden of demonstrating error by reference to the record of the proceedings below, and it is the appellant's duty to provide the reviewing court with an adequate transcript. Burrell v. Kassicieh (1998), 128 Ohio App.3d 226,232, citing Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197,199. It is the appellant's duty to transmit the record on appeal, including the transcript necessary for the determination of the appeal. App.R. 10(A). If no transcript is available, then it is appellant's duty to present this court with one of the transcript substitutes as provided for in App.R. 9(C). App.R. 9(B). Since appellant failed to file a transcript or transcript substitute, we are left to consider this appeal based solely on the information in the record.
 {¶ 7} Appellant alleges two assignments of error, the first of which states:
 {¶ 8} "The Trial Court Abused Its Discretion By Imputing Income To The Appellant Without Complying With Section 3119.01(C)(11) Of The Revised Code."
 {¶ 9} Appellant asserts that the court failed to properly apply R.C. 3119.05(A) in computing his income. R.C. 3119.05(A) provides that when computing the amount of child support required to be paid the court shall verify the parents' current and past income and personal earnings "by electronic means or with suitable documents, including, but not limited to, paystubs, employer statements, receipts and expense vouchers related to self-generated income, tax returns, and all supporting documentation and schedules for the tax returns." Appellant claims that if the court had complied with the statute, it would have used the $17,690 figure found on his pay stubs in completing the child support worksheet. Appellant claims that the court imputed income to him since it used $50,000 as his income on the worksheet and not $17,690. He argues that while the magistrate's findings imply that the court is imputing income to him, the court never stated it was doing so and fails to give any indication of how it arrived at the $50,000 figure. Appellant argues the court failed to follow the appropriate process for imputing income. He contends the court was first required to find that he was voluntarily unemployed or underemployed. Citing, Badovick v. Badovick (1998),128 Ohio App.3d 18, 23. Appellant contends neither the magistrate nor the court made this finding. Even if the court had made the necessary finding, appellant argues it failed to follow the next step, which was to take his actual income and add it to his potential income as defined in R.C. 3119.01(C)(11)(a). Appellant contends the court failed to mention the factors set out in R.C. 3119.01(C)(11)(a) that it was required to consider before imputing income, other than his business losses. Therefore, he contends the court abused its discretion in imputing income to him.
 {¶ 10} "A trial court's decision to adopt, reject or modify a magistrate's report and recommendation, or to hold further hearings, will be reversed on appeal only for an abuse of discretion. Wade v. Wade
(1996), 113 Ohio App.3d 414, 419. An abuse of discretion, `connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable.' Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219." Conti v. Christoff, 7th Dist. Nos. 99 CA 84 and 99 CA 327, 2001-Ohio-3421, at ¶ 22.
 {¶ 11} Appellant requested a transcript of the hearing before the magistrate be transcribed and provided to the trial court. But there is some indication in the record that the tape of the hearing was inaudible. "Any objection to a finding of fact shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that fact or an affidavit of that evidence if a transcript is not available." Civ.R. 53(E)(3)(b). There is no indication that appellant filed an affidavit of the evidence before the magistrate with the trial court upon learning that the tape of the hearing could not be transcribed. Since there is no indication the trial court had before it a transcript of the magistrate's hearing or an affidavit of the evidence, and since appellant has failed to provide this court with a transcript or appropriate substitute, we are compelled to conclude the trial court did not abuse its discretion in overruling appellant's objections and adopting the magistrate's decision. When the appellant fails to file a transcript of the hearing before the magistrate, the trial court may adopt the magistrate's findings without further consideration. Mosessonv. Rach, 7th Dist. No. 99 CA 321, 2001-Ohio-3232; Purpura v. Purpura
(1986), 33 Ohio App.3d 237, 239.
 {¶ 12} Additionally, appellant argues the magistrate erred in failing to make a finding that he was voluntarily underemployed before imputing income to him. But the magistrate did not impute income to appellant. Courts impute income when a parent is voluntarily unemployed or underemployed. Here the magistrate found that appellant had attempted to shield his assets from creditors, not that he was unemployed or underemployed. While the magistrate did find that appellant's wage information for 1999 and 2000 indicated his income at $17,690, she also found appellant's testimony and prior tax returns showed income of $99,000. While it is not exactly clear how the magistrate arrived at the $50,000 income it attributed to appellant on the child support worksheet, since he did not provide the trial court or this court with the evidence before the magistrate, we cannot conclude the court abused its discretion in adopting the magistrate's decision.
 {¶ 13} Furthermore, the factors set out in R.C. 3119.01(C)(11)(a) are fact specific as they include such things as the parent's education, the parent's prior employment experience, the prevailing wage levels in the parent's geographic area, and the parent's special skills. There is no way for the court to evaluate these factors without a transcript of the evidence.
 {¶ 14} Hence, appellant's first assignment of error is without merit.
 {¶ 15} Appellant's second assignment of error states:
 {¶ 16} "The Trial Court Abused Its Discretion By Imputing Income To Appellant For The Purposes Of Past Support Without Complying With Former R.C. Section 3113.215(5)(a) (sic.)."
 {¶ 17} Appellant contends the court failed to comply with R.C.3113.215[1] when calculating his arrearage. Citing, Wittbrot v.Wittbrot, 2d Dist. No. 2002 CA 19, 2002-Ohio-6075. Appellant contends, as he argued above, that when determining an arrearage amount, the court must find the parent voluntarily unemployed or underemployed and then determine the income to be imputed by applying the factors set out in R.C. 3113.215(A)(5)(a). Citing, Badovick, 128 Ohio App.3d at 23; Leonardv. Erwin (1996), 111 Ohio App.3d 413. Again, appellant argues the court neither found him to be voluntarily unemployed or underemployed nor did it consider the applicable factors.
 {¶ 18} As we stated previously, neither the magistrate nor the trial court imputed income to appellant. They merely found that such income existed. Therefore, appellant's argument that the court failed to find him underemployed and failed to consider the income-imputing factors, is meritless. Furthermore, as stated above, without a transcript or affidavit of evidence the trial court was free to adopt the magistrate's findings of fact. We cannot say the trial court abused its discretion in doing so.
 {¶ 19} Accordingly, appellant's second assignment of error is without merit.
 {¶ 20} For the reasons stated above, the trial court's decision is hereby affirmed.
Waite and DeGenaro, JJ., concur.
[1] Appellee filed her complaint on June 6, 2000. At that time, R.C.3113.215 was in effect. The case did not proceed to a hearing before the magistrate until September 6, 2001. By that time, the legislature had repealed R.C. 3113.215 and enacted R.C. 3119.01 et seq.